## HAYES *v.* SHOEMAKER.

### (*Circuit Court, N. D. New York.* July 23, 1889.)

NATIONAL BANKS—INSOLVENCY—STOCKHOLDERS—INCOMPLETE TRANSFER.

Where a shareholder of a national bank makes a *bona fide* sale of his stock, and goes with the purchaser to the bank, indorses the certificate, and delivers it to the cashier of the bank, with directions to make the transfer on the books, he has done all that is incumbent upon him to discharge his liability, and he is not liable, though the cashier failed to make the transfer, upon the subsequent suspension of the bank, for an assessment made by the comptroller of the currency, under Rev. St. U. S. § 5151, to pay the bank's debts.

At Law. Trial by the court.
*John N. Beckley*, for plaintiff.
*H. V. Howland*, for defendant.

COXE, J. This action is by Frank M. Hayes, as receiver of the First National Bank of Auburn, N. Y., to recover $4,100 upon an assessment made by the comptroller of the currency, under section 5151 of the Revised Statutes, against the defendant as a shareholder of the bank. The facts are undisputed. On the 16th of March, 1885, 41 shares of stock were transferred by Michael Shoemaker to the defendant, and have since stood in defendant's name on the books of the bank. On the 31st of August, 1886, the defendant, through his attorney, H. W. Taylor, sold this stock in good faith to Clinton T. Backus. Taylor was appointed attorney, by a written instrument, and was invested with full authority to sell the stock, and to perform any act with reference to the transfer thereof that the defendant could perform. On the day in question Taylor went to the bank to receive the purchase money, and complete the transaction. He met Backus there. Charles O'Brien, the cashier of the bank, was present. O'Brien was advised of the sale, shown the certificate and power of attorney, and informed by Taylor and Backus that they had come to make a legal transfer of the stock, and to do all that was necessary to accomplish this result. The cashier directed Taylor to indorse the certificate, and deliver it to him with the power of attorney, stating that nothing further was required of either Taylor or Backus. Taylor did as requested. The cashier was authorized and directed to make the proper entries in the books of the bank, and he promised so to do. The defendant supposed that the stock had been properly transferred, and never was informed to the contrary until just prior to the commencement of this action. It is argued by the plaintiff that, notwithstanding this sale,—concededly a *bona fide* one as between the parties,—the de-

fendant's individual liability continued, for the reason that the stock was not transferred upon the books of the bank, as required by law (section 5139, Rev. St.) and by the by-laws of the bank. The defendant, on the contrary, insists that all liability was discharged by the sale and the transactions subsequent thereto. He maintains that after he had sold his stock in good faith and received payment, after he had indorsed the certificate and surrendered it to the cashier with full notice of the sale, after he had instructed the cashier to have a legal transfer made in the books of the bank, and had been informed by that officer that such a transfer would be made, and nothing more was required from him, he had done all that was incumbent upon him to discharge his liability. It is thought that the facts bring the cause directly within the rule of *Whitney* v. *Butler*, 118 U. S. 655, 7 Sup. Ct. Rep. 61. The cases cannot be distinguished in principle. In many respects the facts at bar are stronger for the defendant than in the *Whitney Case*. The authority of the officers of the bank to transfer the stock was, in that case, implied from the blank power of attorney and notice of sale. Here the request to transfer, made by both vendor and purchaser, was direct, explicit and complete. Nothing is left to inference. The *Whitney Case* did not turn, as is intimated, upon the form of the authority to make the transfer; the decision is based upon the broad, rational doctrine that the duty of the shareholder was done when he had sold the stock, notified the bank of the sale, requested the proper entries to be made and clothed the bank officials with full authority to make them. The notice of sale and request to transfer being conceded, it is wholly unimportant whether these communications are oral, in writing, or by signs. There can be no doubt that the *Whitney Case* would have been decided as it was if the executors had gone to the bank, and orally given the president the authority to transfer. There is no warrant for supposition that the court intended to release a seller of stock who sends a power of attorney to the bank, and hold liable one who goes in person, and orally directs the transfer to be made. Such a construction of the decision must necessarily be based upon the unfounded hypothesis that stock cannot be transferred legally unless the shareholder personally makes the transfer or, in writing, authorizes some other person to act as his agent in so doing. Taylor and Backus clothed the cashier with the necessary authority. He could legally have made the transfer after his interview with them. Had they put the conversation in writing, and signed it, it would have been no stronger. No custom and no law required that this should be done. But, if a written conveyance were necessary, the cashier had the necessary authority to supply it. *Bank* v. *Kortright*, 22 Wend. 348. The rule is a just one that a shareholder, after having done all that a prudent and careful business man should do, will not be held responsible for the neglect and carelessness of an officer of the bank. It is of the utmost importance that the liability of stockholders of national banks should be rigorously enforced; but, on the other hand, the court should not treat them with exceptional severity, and apply to their transfers different rules from those which obtain in other business transactions. An examination of this testimony

has convinced the court that the defendant, though he might, perhaps, have taken additional precautions, did all that the law, custom, and common prudence required to relieve himself from liability. It follows that judgment should be entered for the defendant.