WILLIAM F. HUNT v. ROBERT SEEGER.[1]

January 8, 1904.

Nos. 13,731—(151).

**Transfer of Stock.**

To effectuate the transfer of shares of stock in a banking corporation of this state, it is essential that such transfer be entered upon the stock books of the concern more than one year previous to its insolvency, to relieve the owner from liability to assessments ordered by the court in a receiver's suit to liquidate its debts.

**Entry of Transfer.**

While it is the duty of a stockholder desiring to assign any of his shares to have an entry thereof made in the proper books of the bank, if he attempts to do so in good faith, and exercises reasonable care to have this purpose accomplished, directing entry thereof to be made by the proper person, he cannot be held liable for the neglect of the officers of the bank to obey his direction.

**Findings and Decision.**

Findings of fact by the trial court considered, and *held* to conflict with the conclusion of law that defendant was liable upon the statutory assessment against stockholders, since from the fact so found it appears that he, as a former stockholder in the insolvent bank, had in good faith ordered the officers of the bank to enter the transfer on the stockbooks at the time, which such officers neglected to do.

Action in the district court for Ramsey county by plaintiff, as receiver of Allemannia Bank, to recover from defendant, as a stockholder thereof, an assessment of $1,000 levied by said court pursuant to the provisions of Laws 1899, c. 272. The case was tried before Orr, J., who made findings of fact and as conclusion of law found that plaintiff was entitled to judgment for the sum demanded. From an

1 Reported in 98 N. W. 91.

order denying a motion for a new trial defendant appealed. Reversed, and remanded with instructions.

*Harris Richardson,* for appellant.

Where the seller of corporation stock does all that he reasonably can to effect a transfer upon its books, his liability as a stockholder ceases, although the transfer is not so entered. Hayes v. Shoemaker, 39 Fed. 319; Whitney v. Butler, 118 U. S. 655; Earle v. Coyle, 95 Fed. 99; Matteson v. Dent, 176 U. S. 531; Webster v. Upton, 91 U. S. 65; Russell v. Easterbrook, 71 Conn. 50; Choteau v. Harris, 20 Mo. 383; Cox v. Elmendorf, 97 Tenn. 518; Basting v. Northern Trust Co., 61 Minn. 307.

When a receiver of an insolvent corporation releases a stockholder from stock liability, on partial payment, without notice to, or the consent of a fellow stockholder, who is also liable, such non-assenting stockholder is also released. Jacobson v. Allen, 12 Fed. 454; Mohr v. Minn. Ele. Co., 40 Minn. 343; Wendlandt v. Sohre, 37 Minn. 162; Allen v. Walsh, 25 Minn. 543, 553; Travers v. Dorr, 60 Minn. 173, 176; Hanson v. Donkersley, 37 Mich. 184; Hicks v. Burns, 38 N. H. 141.

Before the court could order judgment against defendant unconditionally it was necessary to determine that the assets of the bank were insufficient to meet its liabilities, because defendant's liability was merely secondary. Arthur v. Willius, 44 Minn. 409.

*James E. Trask,* for respondent.

The general rule is that the transferer is not released from liability until the transfer of his shares is duly registered in the corporate books. In this case defendant transferred his shares to Scheffer who was the president of the bank. Where a stockholder sells and assigns his stock in a corporation to a person who is an officer of such corporation, and, as part of the transaction, delivers to him the certificate of such stock, such delivery is to the purchaser not as an officer but as vendee. Richmond v. Irons, 121 U. S. 27. Actual notice to an officer or agent of the corporation is not an implied notice to the corporation unless it was acquired by him while employed within the scope of his powers and duty about the corporate business, not while engaged in his pri-

vate business. Reid v. Bank, 70 Ala. 199; Mutual v. Davies, 56 How. Pr. 440; Bang v. Brett, 62 Minn. 4; Davis Imp. W. I. W. W. Co. v. Davis W. I. W. Co., 20 Fed. 699; In re Plankinton Bank, 87 Wis. 378.

Seeger's request of Scheffer to transfer the shares made to him as transferee and as part of the sale was not a request to the bank. Bank v. Davis, 2 Hill, 451; Keenan v. Dubuque, 13 Iowa, 375; Custer v. Tompkins, 9 Pa. St. 27; Hatch v. Ferguson, 66 Fed. 668; Fairfield v. Chase, 72 Me. 226; Mathis v. Pridham, 1 Tex. Civ. App. 58; Atlantic v. Savery, 82 N. Y. 291.

LOVELY, J.

This is an action by the receiver of the insolvent Allemannia Bank to recover an assessment which was made against the stockholders of that concern by the district court of Ramsey county. The defendant denied liability, and the cause was tried to the court upon its merits. There were findings of fact, and, as a conclusion of law, it was held that defendant was liable for the amount claimed. A motion for a new trial was denied, and this appeal is from that order.

There was ample evidence to sustain the facts as found by the trial court, to the effect that defendant was the owner of ten shares of the capital stock of the Commercial Bank of St. Paul, afterwards reorganized as the Allemannia Bank. The sale was made more than a year before the latter's insolvency, for a valuable consideration, and in the ordinary course of business, to its president, Albert Scheffer, who was requested by the owner, in good faith, to cause the proper transfer to be entered on the books of the bank, which he promised to do. It was also found, upon sufficient evidence, that notwithstanding such request the officers of the bank failed and neglected to enter the transfer of the stock upon the books of the bank, and that the same stood in the name of defendant; also that the by-laws of the bank provided that all assignments of stock shall be entered on the books of the bank.

It is insisted that, upon these findings, the court erred in its legal conclusion that defendant was liable for the assessment made against him, under the provisions of section 2501, G. S. 1894, and the interpretation given thereto in Harper v. Carroll, 66 Minn. 478, 69 N. W. 610, 1069, for the asserted reason that it was the duty of the defendant to effectuate a valid assignment of his stock, by having an entry thereof

on the stockbooks of the bank as provided in its by-laws, and that his failure in this respect forecloses his right to now insist that the transfer can be recognized in this action.

We have examined the case of Harper v. Carroll, supra, with considerable care, and find that this decision does not necessarily rule or control the case at bar. It is true it was there held, under the statute referred to, that the failure to have the transfer entered by the transferer one year before the insolvency forbids the owner of the stock to assert his immunity from the statutory stockholder's liability, but it does not appear that any effort was made by the stockholder to have the assignment entered, or that he ever requested this to be done of any officer or clerk having authority to attend to that matter.

It cannot be doubted, but must be assumed, that the transfer of such shares should be entered by the officers who have charge of the stockbooks, to complete an effective transfer, for the benefit of the bank and the public. This is required by law, but, in the way in which banking concerns do their business, it would be very unusual and impracticable for the transferer of bank stock to stand over the officer in charge of the stockbooks, and enforce obedience to his request in that respect. We doubt if anything more is ordinarily done to secure such entry than to make a quiet request therefor of the proper person, when the owner of the stock generally accepts a promise of compliance, and goes his way in confidence that it will be fulfilled. What men ordinarily do is the test of prudence, and the principles of ordinary business conduct cannot be overlooked or ignored in laying down the rules of law that govern in human concerns. So it must be held that all that can be required of the assigning stockholder is the absence of any reason to doubt the good faith or intention of the bank officer, who promises to enter the transfer. Whitney v. Butler, 118 U. S. 655, 7 Sup. Ct. 61; Matteson v. Dent, 176 U. S. 531, 20 Sup. Ct. 419; Hayes v. Shoemaker (C. C.) 39 Fed. 319; Earle v. Coyle (C. C.) 95 Fed. 99.

Under the findings in this case, there can be no question of the good faith of the transfer; nor any doubt, either, that the request was made to a proper officer—the president of the bank—to have the assignment entered, which was agreed to; and the finding that the officers of the bank neglected to enter the same as requested implies dereliction on their part to perform their duties, and leads necessarily to the con-

clusion that the defendant had done all that was required of a prudent man to protect his rights. We are inclined to follow the manifestly just rulings of the federal courts to which we have referred upon this question, for it is quite desirable to secure uniformity on all questions affecting commercial law.

It is urged that, in support of the conclusion of law, we should go to the entire evidence, to ascertain and discover facts which would sustain the legal conclusions as against the findings of fact. We have held, upon our views of the necessity of orderly judicial procedure, that, where the court has found essential facts which are sustained by evidence, the only question to be considered in this court on review is whether such findings support the conclusion of law. The ultimate facts as found must be adopted—that the transfer was made in good faith, and in the ordinary course of business, and failed to be entered through the neglect of the bank officers—which finding impliedly excludes the inference of neglect by defendant. The construction which we have given to the findings has led us to the conclusion that the trial court erred in adopting the conclusion that the transferer was liable for the stock which he had assigned in substantial compliance with the provisions of the by-laws of the bank and the statutes of this state.

Order reversed and cause remanded, with direction that the conclusion of law be amended to conform to the views herein expressed.