CASE 82.—ACTION BY R. P. BRACKEN AND OTHERS AGAINST W. E. NICOL TO REQUIRE HIM TO PAY THE PAR VALUE OF CERTAIN BANK STOCK ISSUED TO HIM.—February 19.

# Bracken, &c. v. Nicol

Appeal from Simpson Circuit Court.

W. P. SANDIDGE, Circuit Judge.

Judgment for defendant. Plaintiffs appeal. Affirmed.

Banks and Banking—Stockholders—Transferring Stock—Good Faith—Entry on Books—Liability—A shareholder in a corporation, although a director, who in good faith, free from any suspicion of fraud, or to escape liability, sells his stock and requests the officers in active charge of the corporation, who have control of its books in making the transfer, to do everything that is necessary to perfect such transfer in a legal way, and is informed by them that there is nothing more to be done, will be relieved from future liability as a shareholder, although no book was kept by the corporation in its principal office, in which all transfers of stock shall be entered, stating when, the number of shares transferred, and by and to whom, as required by Kentucky Statutes, section 546.

ROARK & FINN, C. W. MILLIKEN and G. W. WHITESIDES, attorneys for appellant

## POINTS AND AUTHORITIES.

1. A director whose duty it is to see that the bank complies with the law and keeps a stock book is estopped from pleading the bank had no such book. (Beals v. Buffalo Ex. Metal Co., 49 N. Y. App. Div., 589; Cook on Corp., note on p. 561.) Where the stock itself or any statute provides for a transfer on the books of the company the transfer should be so made to relieve the

stockholder.   (A. & E. Enc., 2nd Ed., vol. 26, p. 1039; A. & E., 2nd Ed., vol. 26, p. 881; A. & E. Enc., 2nd Ed., vol. 26, p. 884; Cook on Corporations, p. 570; Cook on Corporations, p. 853; Morse on Banks and Banking, sec. 679; Johnson v. Laflin, 103 U. S., 800; Kreigor v. Hanover National Bank, 72 Miss., 462; Ky. Stats., sec. 545, 546, 595.)

2.   What the stockholder must do in order to get the transfer on the books.   (Earle v. Carson, 60 L. R. A., 266; Cook on Corporation, p. 560.)

LEWIS McQUOWN and GEO. C. HARRIS for appellee.

1.   Our contention is that the responsibility of the stockholder ceases when he has sold and delivered the assigned certificate of his stock in good faith, and directed the transfer to be recorded. Especially is this true when the official upon whom he has the right to rely agrees to make the transfer, and he had no reason to suspect that he will not comply with his promise.

2.   The failure of a bank to keep a book, and of its executive officers to enter a transfer of stock therein, should not be visited upon the head of an innocent stockholder who in good faith has done everything which he was advised by the cashier was necessary in order to pass the title to the stock.

3.   Courts will lean to that construction of the statute which will uphold a transaction as consummated when the good faith of all the parties is unquestionable.

4.   The construction contended for by appellant is not only opposed to the rule of the courts, but it likewise conflicts with the interpretation of statutes in derogation of common right.

5.   The statutes of limitation of two years, and five years, are plead and relied on, and are a complete bar to the action.

OPINION OF THE COURT BY JOHN D. CARROLL, COMMISSIONER—Affirming.

There is no issue of fact involved in this controversy.

The appellee, Nicol, became the owner of 10 shares of stock of the par value of $100 each in the J. A. McGoodwin Banking Company, on the date of its organization in June, 1893, and retained possession of the stock until February 15, 1899, when he sold it to J. K. Caldwell, then president of the institution,

for $1,000 in cash.   At the time of the sale, and for
some years prior thereto, appellee had been a director
in the bank, but ceased to be an officer upon the sale of
his stock to Caldwell.   The sale was made in good
faith, for a full and valuable consideration, and at
the time the bank was perfectly solvent.   When appel-
lee made the sale, he took his certificate of stock, and
went with Caldwell, the purchaser, to the bank, and
informed J. A. McGoodwin, then cashier, of the sale,
and requested him to prepare the proper transfer in
writing.   McGoodwin then and there wrote on the
back of the certificate the following transfer: "For
value received, I hereby sell and transfer and assign
to John K. Caldwell ten shares of the within-men-
tioned stock; and do hereby constitute and appoint
J. K. Caldwell attorney to transfer the same on the
books of the company." Thereupon appellee delivered
the certificate to Caldwell, and received $1,000, which
he deposited in the bank, and requested McGoodwin
to do everything that was necessary to make the
transfer legal, and asked him if there was anything
more to be done, and McGoodwin told him, "No."
All that was done in reference to the transfer was the
written assignment mentioned.   After the purchase
of the stock, Caldwell, by virtue of his ownership of
it, was elected a director in the bank, and received
all dividends on the stock.   The bank did not keep
a stockbook or any book in which the name, post-
office address or number of shares of stock held by
each stockholder was recorded, or in which transfers ·
of stock were made.   The only record kept relating
to stock was a book originally containing the certifi-
cates of stock, attached to stubs.   When stock was
sold the certificate was torn from the book, and on
the stub remaining in the book, and which was sep-
arated from the certificate by a perforated line, was

written the name of the owner of the certificate detached, the number of shares, and date of issue.

In December, 1904, the bank became insolvent, and made a general assignment, and an examination of the stubs of the certificate book showed that there had been issued to appellee 10 shares of stock. There was no record that this stock had been sold or transferred to Caldwell, and this action was instituted by the assignee to require appellee to pay for the benefit of creditors the amount of the par value of the stock issued to him. The double liability of stockholders in banks being fixed by section 595 of the Kentucky Statutes of 1903, which provides that: ''The stockholders of each bank organized under this article shall be individually responsible, equally and ratably, and not one for the other, for all contracts and liabilities of such bank to the extent of the amount of their stock at par value in addition to the amount of such stock, * * * and no transfer of stock shall operate as a release of any such liability existing at the time of such transfer, provided the action to enforce such liability shall be commenced within two years from the time of the transfer; and the directors of each bank shall in January of each year file with the Secretary of State a correct list of the stockholders and officers of such bank''

Conceding the facts to be as stated, appellant insists that appellee is liable under the statute because the shares of stock were not transferred in the manner provided in section 545 of the Kentucky Statutes of 1903, reading as follows: ''The shares of stock shall be transferred on the books of the corporation in such manner as the by-laws thereof may direct, and every person becoming a stockholder by such transfer shall in proportion to his shares succeed to all the rights and liabilities of prior stockholders.'' And

section 546, which provides that: "A book shall be kept by every corporation in its principal office, in which shall be entered the name, post-office address, and number of shares of stock, held by each stockholder, and the time when each person became a stockholder; also all the transfers of stock, stating when, the number of shares transferred, and by and to whom. This book shall at all times during business hours be subject to the inspection of all the stockholders and persons doing buiness with the corporation." The sole question to be determined is: Did the failure of the bank to keep this book, and of appellee to have recorded in it the transfer of the stock to Caldwell, continue appellee, so far as the creditors were concerned, a shareholder in the bank, thereby making him liable under section 595, supra.

It is insisted by counsel for appellant that sections 545 and 546 are mandatory, and that the Legislature, in authorizing the creation of corporations, and providing for the issual of stock and fixing the liability of shareholders, declared the manner in which the stock might be transferred, and that it cannot be transferred in any other way so as to relieve the assignor from liability. These sections of the statute are important and useful, not only to the corporation, but to all persons having business with the corporation, and especially is this true respecting corporations upon the shareholders of which a double liability has been imposed by statute. The rights of persons dealing with corporations will be better protected when a corporation is required to and does keep a true and correct record of the names of its shareholders, and the other essential facts relating to the issual and transfer of stock, so that they may, if necessary, ascertain who the shareholders are, what

amount of stock they hold, when they became the owners of it by purchase or transfer, thereby enabling them to proceed, if necessary, directly against the shareholders. It is not our purpose, in construing this statute, to impair its value; nor is it necessary to preserve the purpose of its enactment that it should. be so construed as to impose unnecessary hardships on persons guilty of a technical failure to comply with the letter of the statute.

The disposition of the question before us is simplified very much by the controlling fact that this transaction is entirely free from any suggestion of bad faith, or a desire to evade or escape the responsibility attaching to shareholders. All persons concerned in the transfer, including the president and cashier of the bank, who ought to have known what was necessary to perfect it, honestly believed that everything had been done that was necessary, and it would be most unreasonable to hold that appellee, who in the utmost good faith had done everything that he believed necessary, and all that he was told was necessary by the officers of the bank, should be held liable for their ignorance of the law relating to transfers of stock. The cashier was the custodian of the books of the bank, and it was his duty to note in proper form transfers of stock, and, when a shareholder sells his stock, and the cashier is directed to do everything necessary to make the transfer effective for the benefit of the bank and the public, and the transferer in good faith believes that he has done, or will do, this, the care or diligence required of him is discharged, and he will not be required to do more.

Appellee was a director in the bank, and it is argued that it was his duty as director to see that the law was observed, and that the book provided by sec-

tion 546 was kept in the bank of which he was an officer. And it is said that it opens the door to fraudulent practices and suggests means of escape to stockholders in failing institutions to establish a rule relieving especially officers of banks of the necessity of keeping the book required by the statute, and recording therein in proper manner all transfers of stock. It is possible, perhaps probable, that the failure on the part of the corporation to keep the book required, and to record in it purchases and transfers of stock, may in exceptional cases enable a dishonest shareholder to escape liability imposed by statute; but the apprehension that a fraud of this character may occasionally be practiced will not justify the court in ruling that, in a case absolutely free from any suspicion of fraud, a stockholder must be subject to a liability for a failure to observe the letter of the law. A director of a corporation, no more than any other stockholder, under circumstances similar to those existing in this case, should be held to do more than request and direct the officers in active charge of the corporation to do whatever is necessary to make the transfer effective.

Questions similar to this have been often the subject of judicial review, and the decided weight of authority is in favor of relieving from statutory liability stockholders whose conduct has been marked by the integrity of purpose manifested by appellee. Thus, in Cook on Corporations, section 258, it is said: "The general rule is that the transferer is not released from liability until the transfer is duly registered on the corporate books. This rule, however, is subject to an important exception, and this exception is that where a corporation accepts the transferee as a stockholder, and pays dividends to him, or where through the negligence or fault of the corporation no transfer

on the books is made, in such cases the transferer is released and the transferee only is liable on the stock, although the stock still stands on the corporate books in the name of the transferer. * * * Where a transferer signs a transfer on the back, and delivers the same to his broker, who sells the stock, and then presents the certificate to the corporation for transfer, and the corporation agrees to do so, but neglects to for a year, the transferer is not liable on the stock. * * * When the transferer has done all in his power to complete the transfer, and is guilty of no laches, his liability to corporate creditors is thereby determined and accordingly he is discharged as though the registry had been made.'' And this general rule is fully supported by Hunt v. Seeger, 91 Minn. 264, 98 N. W. 91; Foster v. Row, 120 Mich. 1, 79 N. W. 696, 77 Am. St. Rep. 565; Chemical National Bank v. Colwell, 132 N. Y. 250, 30 N. E. 644; Whitney v. Butler, 118 U. S. 655, 7 Sup. Ct. 61, 30 L. Ed. 266; Cox v. Elmendorf (Tenn. Sup.), 37 S. W. 387.

And so we hold that a shareholder in a corporation, although he may be a director, who in perfect good faith, and under circumstances free from any suspicion of fraud, or a desire to escape liability, sells his stock, and does everything connected with the transfer that he honestly believes is necessary to make it effective, and that a prudent business man should do, and who requests the officers in active charge of the corporation, and who have the control of its books in making the transfer, to do everything that is necessary to perfect it in a legal way, and is informed by them that there is nothing more to be done, will be relieved from future liability as a shareholder.

Wherefore, the judgment of the lower court is affirmed.

JUDGE NUNN (dissenting): I am of the opinion that the statutes referred to in the opinion are mandatory, and should be so held for the protection of persons dealing with the bank.