A. L. Parsons, Respondent, v. The Egyptian Levee Company, Appellant.

St. Louis Court of Appeals, February 1, 1898.

1. **Statutory Construction.** Section 2187, Revised Statutes 1889, excepting "corporate authorities," among others, from the provisions of section 2186, *Id.,* can not be construed to apply to a suit against a business corporation.

2. **Warrant**: ASSIGNMENT: AUTHORITY OF OFFICERS OF CORPORATION TO BIND IT. In a suit on an assigned warrant for the payment of money for work done on a levee, where defendant was authorized and undertook to build the levee in strict compliance with the requirements of its charter, and plaintiff's assignor did a portion of the work, it could not be maintained that defendant's officers had no authority to bind it by the written acknowledgment of such indebtedness.

3. **Limitation.** An action on an order for the payment of money, brought within ten years, is not barred by the statute of limitation.

*Appeal from the Clark Circuit Court.*—HON. EDWIN R. McKEE, Judge.

AFFIRMED.

*J. A. Whiteside* and *O. S. Callihan* for appellant.

The instrument sued on could not be received in evidence without first proving its execution, and that its execution was duly authorized. R. S. 1889, sec. 2187.

It is only by virtue of express statutory provisions that county warrants can be sued on. *Bank v. Franklin Co.*, 65 Mo. 105.

*T. L. & S. J. Montgomery* for respondent.

Section 2186, Revised Statutes 1889, governs this case, as construed by this court in *Handley v. R'y*, 55 Mo. App. 505.

The assignment to plaintiff was in compliance with the laws governing the assignment of county warrants, and not in conflict therewith. R. S. 1889, sec. 3194; also, *Wheder v. Mfg. Co.*, 23 Mo. App. 190.

Plaintiff having performed the contract with defendant, and accepted its paper, a written obligation to pay, defendant can not be heard to say that it had no authority to execute its order for the money, and

especially not for the first time in this court.    *Club v. Findlay*, 53 Mo. App. 259, and citations; *Agricultural Ass'n v. Deland*, 37 *Id.* 284.

The date of the filing of the petition is the commencement of the action and the statute of limitations runs to that time.    *McGrath v. R'y*, 128 Mo. 1, and the statute could not begin to run until there was money in the treasury to pay it, if governed by the same law as county warrants.    *Wilson v. Knox Co.*, 132 Mo. 396, and citations.

Biggs, J.—The defendant is a corporation.    It was granted a charter by a special act of the legislature (Sess. Acts 1855, p. 73), with authority to construct and maintain a levee on the south side of the Des Moines river in Clark county.    On the twenty-third day of December, 1885, R. E. Hill, the chairman or president of the board of directors, executed and delivered to one E. D. Parsons the following order of warrant:
"No. 330.

"Alexandria, Mo., Dec. 23, 1885.

"James A. Jenkins, treasurer of the Egyptian Levee Company, will pay to E. D. Parsons two hundred and sixteen and 88-100, out of any fund in the treasury not otherwise appropriated.
"Attest.

"R. E. Hill, Chairman.
"James A. Jenkins, Secretary.
"216.88."

The paper contained the following indorsement: "For valve received, I assign the within warrant to A. L. Parsons. (Signed) E. D. Parsons." The plaintiff instituted this suit upon the foregoing instrument. The petition alleges the execution of the instrument by the defendant; that it had been assigned to plaintiff, and that soon after its date he demanded

payment of the order from the treasurer and president of the company, and that payment had been refused. The action was begun on the twenty-third day of December, 1895. The answer is a general denial. It also contains special pleas setting up the statutes of limitation of five and ten years. There was a trial before the court without the intervention of a jury. At the close of the evidence the defendant asked for a nonsuit, which was refused. There was a finding and judgment for the plaintiff. The defendant has appealed and complains of the action of the circuit court in permitting plaintiff to read the instrument sued on in evidence without proof of its execution, and that the court committed error in refusing its instruction of nonsuit.

Section 2186 of the Revised Statutes of 1889, provides that "when any petition or other pleading shall be founded upon any instrument in writing, charged to have been executed by the other party and not alleged therein to be lost or destroyed, the STATUTORY construction. execution of such instrument shall be adjudged confessed, unless the party charged to have executed the same deny the execution thereof by answer or replication, verified by affidavit." The answer in this case was not sworn to. But it is insisted by counsel for defendant that the case falls within one of the exceptions stated in section 2187. In this section it is provided that "the preceding section shall not be construed to authorize any instrument of writing to be received in evidence, without proof of its execution, in any suit against an executor or administrator, or any other person representing the person charged to have executed such instrument, nor (against) any county, city or town sued upon any instrument alleged to have been executed by such county, city or town, or any corporate authorities."

By no sort of construction can this section be

made to apply to a suit against a business corporation.

In the support of the instruction of nonsuit it is urged that it was beyond the authority of the officers of the defendant to issue the order, and therefore the order can not be made the basis of an action. The defendant was authorized to build a levee. It undertook to do it in strict compliance with the requirements of its charter, and E. D. Parsons did a portion of the work. Therefore we can see no merit in the contention that the officers of the defendant had no authority to bind it by the written acknowledgment of such indebtedness.

WARRANT: assignment: authority of officer of corporation to bind it.

Neither is the defense of the statute of limitation available to the defendant. The order is for the payment of money. An action brought on such an instrument within ten years is not barred. The language of the statute is that actions shall be commenced within ten years "upon any writing, whether sealed or unsealed, for the payment of money or property." R. S. 1889, sec. 6774. The order or warrant was dated December 23, 1885. This suit was commenced December 23, 1895. Under the statutory rules for the construction of statutes, "the time within which an act is to be done shall be computed by excluding the first day and including the last, if the last day be Sunday it shall be excluded." R. S. 1889, sec. 6570. The twenty-third day of December, 1895, did not fall on Sunday, therefore the plaintiff's action was brought within ten years. The judgment of the circuit court will be affirmed. All the judges concur.