## GILBERTSON v. McCARTHY et al.

Circuit Court of Appeals, Eighth Circuit.
April 22, 1929.

No. 8307.

L. B. Stevens, of Cando, N. D. (Edw. P. Kelly, of Minneapolis, Minn., and Houska & Stevens, of Cando, N. D., on the brief), for appellant.

Edward J. Callahan, of Minneapolis, Minn. (George R. Smith, of Minneapolis, Minn., William J. Hughes, Jr., of Washington, D. C., and William B. Movery, of Minneapolis, Minn., on the brief), for appellees.

Before VAN VALKENBURGH and COTTERAL, Circuit Judges, and SCOTT, District Judge.

SCOTT, District Judge. An appeal from a judgment of the United States District

Court for the District of Minnesota, sustaining a demurrer to the petition and dismissing the cause, on the ground that the petition does not state facts sufficient to constitute a cause of action.

The petition, denominated "Amended Complaint," when stripped of unnecessary verbiage, discloses the following allegations:

That James H. McCarthy died testate on or about the 1st day of August, 1925, a resident of the state of Minnesota. That at the time of his death he was a stockholder in and possessed nine shares, of the par value of $100, each of the capital stock of the Cando National Bank, of Cando, N. D. That shortly following James H. McCarthy's decease his will was probated, and the defendants Lizzie A. McCarthy and Louis A. McCarthy were appointed executors thereof and duly qualified. That after payment of debts an estate aggregating in value $312,779.60 passed to the devisees under the will as follows:

"To Lizzie A. McCarthy, an undivided one-third (⅓) thereof. To James Harry McCarthy, an undivided one-sixth (⅙) thereof. To Louis A. McCarthy, an undivided one-sixth (⅙) thereof. To Mary Esther McCarthy, an undivided one-sixth (⅙) thereof. To Lizzie A. McCarthy and Louis A. McCarthy, as trustees of Mary Theresa McCarthy, Kevin McCarthy, James Preston McCarthy and Sheridan John McCarthy, an undivided one-sixth (⅙) thereof, in trust, however, for the use and purposes as set forth in said will."

That on the 6th day of February, 1926, said national bank, being insolvent, closed, and the Comptroller of the Currency duly appointed plaintiff as receiver thereof, and he has ever since been such receiver. That on the 5th day of April, 1926, the Comptroller of the Currency by proper order made an assessment upon all of the shareholders of said bank to the extent of $100, upon each and every share thereof. That on or about the 12th day of April, 1926, the said Lizzie A. McCarthy and Louis A. McCarthy received notice and knew of the insolvency and closing of said national bank and appointment of the receiver, and of the assessment above mentioned. That on or about the 15th day of October, 1926, due notice of said assessment and a demand for payment was given and made to and upon the defendants in writing by said receiver. That the defendants and each of them neglected and refused to pay their share of said assessments, and still so neglect. That on or about the 29th day of June, 1926, the defendants caused the administration of the estate of said decedent to be closed and a decree of distribution entered, distributing the residue of said estate in the sum hereinbefore stated to the devisees under said will as stated. That neither the bank nor the plaintiff, its receiver, at any time during said occurrences, nor until some time after the closing of said estate, had any notice of the death of said James H. McCarthy, or of the proceedings in probate, or of the distribution and allotment of said shares to the defendants, or the closing of said estate, and no attempt was ever made to register said stock in said bank in the names of said allottees, or any other person. It thus fairly appears by inference from the facts pleaded that defendants Lizzie A. McCarthy and Louis A. McCarthy, executors and devisees, upon receiving notice of the assessment and demand for payment, remained silent as to the death of James H. McCarthy and the status of the administration, and proceeded speedily to close the estate and distribute the residue.

All of the devisees above named are made defendants to the action, and in all of their respective capacities. To the plaintiff's petition the defendants demurred as hereinbefore stated, and, the demurrer being sustained and the cause dismissed, plaintiff has appealed. It is apparent from the record that the point upon which the case turned in the court below was the failure of the plaintiff to file his claim in the probate court and have the same allowed prior to the closing of the estate. Sections 8811 and 8812, General Statutes of Minnesota 1923, were and are now interposed. Those sections, or the portions quoted in the brief, are as follows:

"Sec. 8811. For cause shown, and upon notice to the executor or administrator, the court, in its discretion, may receive, hear, and allow a claim when presented before the final settlement of the administrator's or executor's account, and within one year and six months after the time when notice of the order was given."

"Sec. 8812. All claims against the estate of a decedent, arising upon contract, whether due, not due, or contingent, must be presented to the court for allowance, within the time fixed by the order, or be forever barred: Provided, that contingent claims arising on contract, which do not become absolute and capable of liquidation before final settlement, need not be so presented or allowed.

The trial court seems to have been of opinion that failure to file the claim prior to the closing of the estate barred recovery. Sections 63 and 66 of title 12 of the United States Code of 1926 (formerly sections 5151

and 5152 of the Revised Statutes) provide as follows:

"Sec. 63. The shareholders of every national banking association shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts, and engagements of such association, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares. * * *"

"Sec. 66. Persons holding stock as executors, administrators, guardians, or trustees, shall not be personally subject to any liabilities as stockholders; but the estates and funds in their hands shall be liable in like manner and to the same extent as the testator, intestate, ward, or person interested in such trust funds would be, if living and competent to act and hold the stock in his own name."

Plaintiff's petition does not disclose at what time the order referred to in section 8812 was made, or what time was fixed therein, but presumably the order was entered and the time fixed therein expired before June 29, 1926, the date of the decree of distribution and of the closing of the estate. Plaintiff was not likely to receive much benefit from the 18 months' limit after notice of order provided in section 8811, as it will be noted that the estate was closed within 11 months after the date of the death of the decedent, and within 2½ months after notice by defendants of the assessment.

Several questions suggest themselves on the record:

(1) Is the plaintiff's claim "forever barred," in the sense that plaintiff is finally concluded as to any relief in any forum and against any person?

(2) Assuming that plaintiff's claim is not so barred, against whom is his remedy, and how and where may it be pursued?

Manifestly the plaintiff can have no relief in the probate court, for there is no proceeding pending there; the estate has been closed and distribution of the fund has become an accomplished fact. Examination of the authorities cited in the briefs, we think, makes it quite clear that a plaintiff in such circumstances is not entirely restricted to the remedy of filing a claim in the probate court.

Much has been said on the briefs and in oral argument upon the subject of the nature of the liability under consideration. It is contended on one side that the liability is substantially contractual only, and on the other that the liability is statutory. We think that the decision of the Supreme Court of the United States in McClaine v. Rankin, 197

U. S. 154, 25 S. Ct. 410, 49 L. Ed. 702, 3 Ann. Cas. 500, makes it fairly clear that, while the liability is quasi contractual in its origin, it is not a liability as upon a true contract, but a statutory liability. We do not think the liability imposed by sections 63 and 66, title 12, United States Code (previously sections 5151 and 5152 Revised Statutes), one to "be forever barred" by section 8812 General Statutes of Minnesota of 1923. It appears quite clearly that a statutory liability under the laws of the state of Minnesota might receive the benefit of section 8811, General Laws of Minnesota, supra.

In Hunt v. Burns, 90 Minn. 172, 95 N. W. 1110, the Supreme Court of Minnesota entertained a cause of action much the same as the instant case, and, citing Hantzch v. Massolt, 61 Minn. 361, 63 N. W. 1069, assumed that it was unnecessary to file for allowance with the probate court contingent claims against a decedent, in order to vest in a creditor the right to maintain the statutory action against the heirs. While it is true that in that case the Supreme Court of Minnesota held the cause of action barred, because not presented before the closing of the Burns estate, it having become absolute some time before that event, it must be borne in mind that that was a statutory action under a state statute, later codified as section 9661, General Statutes of Minnesota of 1923, and quoted on plaintiff's brief. Appellees cite the case of Hunt v. Burns, supra, as conclusive of the present case; but we think that case entirely distinguishable, inasmuch as it was a state bank, and the liability and the remedy rested entirely upon state statutes.

Now, while there may not exist any particular statutory remedy to the plaintiff under the laws of Minnesota, we think the laws of that State nowhere conclude the plaintiff as to all remedy available to him under general law or under principles of equity. The liability now being considered is statutory, and not one to be strictly and finally concluded by section 8812, Statutes of Minnesota, supra; the action is not one brought against the next of kin under section 9661, supra, as in Hunt v. Burns, supra, and therefore not concluded upon the principles of that case. The action is rather one brought upon the principles of general law and equity to enforce a right originating upon a statute of the United States. We have not overlooked the general principle that, where Congress has provided no statute of limitations for the particular case, one looks to the statute of the state for guidance on that subject. But in that respect it has been held by the Supreme Court

of Minnesota that stockholders of a banking corporation organized under the laws of that state which is not a bank of issue or circulation, are liable under article 10, § 3, of the Constitution of Minnesota. International Trust Co. v. American Loan & Trust Co., 62 Minn. 501, 65 N. W. 78, 632; Northwestern Trust Co. v. Bradbury, 112 Minn. 76, 127 N. W. 386. It was also held in the latter case that, if a corporation becomes insolvent and proceedings are instituted for the sequestration of its property, a cause of action accrues in favor of creditors for the debts existing at the time of the transfer in question, which may be enforced at any time within six years after it so accrues.

We are here dealing with a case involving the liability of a stockholder in a national bank. The Congress has clearly stated what that liability is, and has also gone farther than any of the statutes of Minnesota touching state banks, and carried the liability over to the estate of a deceased stockholder and fixed a specific charge on that estate. But we find here a decedent, and a wealthy one, disposing of his estate by will, apparently to his children and possibly some grandchildren, and we find two of the principal devisees made executors of the will and administrators of the estate. Decedent departed this life in August, 1925, possessed of the bank stock. The stock was inventoried as a part of the estate on the appointment of the executors. The bank closed and a receiver was appointed February 6, 1926. The bank being insolvent, the Comptroller of the Currency made the assessment on April 5, 1926, and neither the bank nor the receiver having knowledge of the death of the stockholder in question, presumably sent the usual notice, which came into the hands of the two executors on April 12, 1926. These executors, who were the principal devisees, contrary to the principles of good faith, held silence and speedily within something more than two months time, closed the estate and distributed all of the fund upon which the charge was imposed by Congress, taking the larger portion unto themselves.

We are impressed with the language of Judge Bradford in Rankin v. Miller (D. C.) 207 F. 602, a case quite similar to the one at bar. However, that case was reversed by the Circuit Court of Appeals for the Third Circuit under the title of Miller v. Hamner, 269 F. 891. The reversal, however, was on the ground that the decree was not justified by the allegations of the original bill, and "that, though agreeable to the case made by the supplemental bills, it was granted on a new case there made against which the statute of limitations had run and had for many years barred recovery." The Circuit Court of Appeals for the Third Circuit, however, did say:

"With many of the matters decided by Judge Bradford in his opinion of 1913 there can be no valid dispute, as, for instance, the power of the Comptroller of the Currency, conclusive upon shareholders, to order an assessment upon the shares of an insolvent national bank, and, through a receiver of his appointment, to enforce payment thereof, Kennedy v. Gibson, 8 Wall. 498, 19 L. Ed. 476; Casey v. Galli, 94 U. S. 673, 24 L. Ed. 168; Studebaker v. Perry, 184 U. S. 258, 22 S. Ct. 463, 46 L. Ed. 528; when a fractional part of a shareholder's liability to assessment is sought, the action, though on the statute, is in equity, Kennedy v. Gibson, supra; Casey v. Galli, supra; the individual responsibility of a shareholder, when living, for the contracts, debts, and engagements of a banking association to the extent of the amount of his stock therein (section 5151 of the Revised Statutes, superseded by Act Dec. 23, 1913, c. 6, § 23, 38 Stat. 273, and section 5152 of the Revised Statutes (Comp. St. § 9690), and the responsibility of his estate therefor, when holding the shares, though insolvency of the bank occur and assessment on the shares be made after his death, Matteson v. Dent, 176 U. S. 521, 20 S. Ct. 419, 44 L. Ed. 571; Richmond v. Irons, 121 U. S. 27, 7 S. Ct. 788, 30 L. Ed. 864; and, in the absence of federal provisions, the applicability of state statutes of limitations to suits brought to enforce payment of an assessment, McClaine v. Rankin, 197 U. S. 154, 25 S. Ct. 410, 49 L. Ed. 702, 3 Ann. Cas. 500; *also there can be little doubt that an executor who settles an estate without making provision for or disposing of a liability imposed by statute may, in a proper action seasonably brought be held personally liable for devastavit.*"

However, not desiring to commit ourselves finally as to the sufficiency of the petition in this case in all respects, nor to assume to pass upon the merits, inasmuch as this case was decided in the court below upon demurrer, we are content to dispose of the case upon the single proposition that the liability is a statutory one, and was not barred by section 8812, General Statutes of Minnesota of 1923, or any other statute of Minnesota brought to our attention. We conclude that the trial court erred in sustaining the demurrer to the plaintiff's petition on the grounds stated.

Something was said in oral argument as to the form of the action. However, the ex-

tent of the relief available in an action at law is largely governed by the practice under the Minnesota statutes, and in that connection it may be well to consider, both in connection with the pleadings and the proofs, whether the proceeds of the estate distributed are still in the hands of all respective devisees, and whether there is any necessity for transferring the cause to equity because of any tortious act of the executors now ratified by the other defendants, rendering it necessary to impress a trust upon the proceeds of their respective shares in their respective hands. Upon these matters, however, we express no opinion.

For the reason that the cause of action pleaded by the plaintiff is not barred by the statute of limitations, the ruling of the trial court is reversed.