## BANK OF DASSEL, BY A. J. VEIGEL, v. C. H. MARCH.[1]

No. 28,113.

March 27, 1931.

[1]Reported in 235 N. W. 914.

128

D. F. *Nordstrom,* for appellant.
*Daly & Barnard* and *N. D. March,* for respondent.

DIBELL, J.

Action by A. J. Veigel, the commissioner of banks, to recover an assessment of 100 per cent levied on stock in the Bank of Dassel alleged to be owned by the defendant. The assessment was made on June 23, 1927, pursuant to L. 1927, p. 376, c. 254, 2 Mason, 1927, § 7699-20, in enforcement of the superadded stockholders' liability. The defendant answered alleging a transfer of his stock on November 23, 1925. The insolvency of the bank was on November 23, 1926. The plaintiff demurred. The demurrer was overruled, and the questions involved are here on plaintiff's appeal from the order overruling the demurrer.

The ultimate question is whether the insolvency of the bank was within a year after the transfer of the defendant's stock on November 23, 1925. The bank was insolvent and was taken in possession by the commissioner for liquidation on November 23, 1926.

The controversy arises upon this state of facts. The defendant on November 23, 1925, owned $5,000 in the stock of the Bank of Dassel. On that day he transferred the stock, and the transfer was entered on the books of the bank. The bank became insolvent on November 23, 1926, and on that day the commissioner of banks took possession for liquidation.

It is conceded that the liability of the defendant as stockholder continued for one year after the transfer. It is considered of some importance in computing the year whether the statutory rule of computation excluding the first day and including the last applies. G. S. 1923 (2 Mason, 1927) § 10933(21). The defendant urges that it does not; for if it does the statute construes the constitution in the computation of time, which of course it cannot do; and as a part of his contention the defendant claims that his liability as transferor, if any, is based on the constitution.

The following is art. 9, § 13, par. 3, of the constitution:

"The stockholders in any corporation and joint association for banking purposes, issuing bank notes, shall be individually liable in an amount equal to double the amount of stock owned by them for all the debts of such corporation or association; and such individual liability shall continue for one year after any transfer or sale of stock by any stockholder or stockholders."

The defendant is not a bank of issue. There are no such banks. N. W. Trust Co. v. Bradbury, 112 Minn. 76, 127 N. W. 386, citing Seymour v. Bank of Minnesota, 79 Minn. 211, 81 N. W. 1059. Therefore art. 9 of the constitution imposes no liability upon the defendant as a transferor of the stock.

Art. 10, §§ 1 and 3, of the constitution, before the amendment of 1930, was as follows:

"§ 1. The term 'corporations,' as used in this article, shall be construed to include all associations and joint stock companies having any of the powers and privileges not possessed by individuals or partnerships, except such as embrace banking privileges, and all corporations shall have the right to sue, and shall be liable to be sued in all courts, in like manner as natural persons."

"§ 3. Each stockholder in any corporation, excepting those organized for the purpose of carrying on any kind of manufacturing or mechanical business, shall be liable to the amount of stock held or owned by him."

In Allen v. Walsh, 25 Minn. 543, the court referred to the limitation in art. 10, § 1, limiting the terms as used in the article so as to "except such as embrace banking privileges"; and it suggested that if it could be held to include incorporated banks not of issue, still the legislature might impose a greater liability than that fixed by the constitution, and this seems not to be questioned. But in International Tr. Co. v. American L. & T. Co. 62 Minn. 501, 504, 65 N. W. 78, 80, 632, it was held that corporations embracing banking privileges within the meaning of art. 10, § 1, referred only to the banks of issue to which reference was had in art. 9, § 13; and in the course of its opinion said that "under article 10, section 3, the stockholders are liable for corporate debts to the amount of stock held or owned by them." This is the direct holding of N. W. Trust Co. v. Bradbury, 112 Minn. 76, 127 N. W. 386. Section 3 imposes no liability upon the transferor of stock. Prior to the constitutional amendment of 1930 such liability was imposed and is now by G. S. 1923 (2 Mason, 1927) § 7669, and the statute relative to the computation of time applies. The statute, § 7669, is as follows:

"The stockholders in each bank of discount and deposit shall be individually liable in an amount equal to the amount of stock owned by them for all the debts of such bank and for all transactions prior to any transfer thereof. Every person becoming a stockholder shall succeed in proportion to his interest to all the rights and become subject to all the liabilities of his transferrers; but the liability of the latter shall continue for one year after the entry of such transfer, and shall be over and above the stock owned by the stockholders in such corporation and any amount paid thereon."

From what is said it is apparent that § 10933(21) does not construe the constitution and that the transferor's liability in the case before us is to be determined by § 7669. The various provisions of the statute have involved confusion. 1 Dunnell, Minn. Dig. (2 ed.) §§ 797-803. It is well to note that the quoted language of art. 9, § 13, of the constitution and of § 7669 of the statute as to the continuance of the transferor's liability is substantially that of the

constitutional amendment of 1930 to art. 10, § 3, of the constitution, voted upon at the November 4, 1930, election, canvassed and the result declared on November 18, 1930, and proclaimed on November 20, 1930, by the governor as adopted and ratified, which beyond sensible doubt is now the controlling law of liability of bank stockholders and the transferors of bank stock. Art. 10, § 3, is now as follows:

"The Legislature shall have power from time to time to provide for, limit and otherwise regulate the liability of stockholders or members of corporations and co-operative corporations or associations, however organized. Provided every stockholder in a banking or trust corporation or association shall be individually liable in an amount equal to the amount of stock owned by him for all debts of such corporation contracted prior to any transfer of such stock and such individual liability shall continue for one year after any transfer of such stock and the entry thereof on the books of the corporation or association."

■ The statute, G. S. 1923 (2 Mason, 1927) § 10933(21) prescribes this rule for the computation of time:

"In computing the time within which an act is required or permitted to be done, the first day shall be excluded and the last included, unless the last shall fall on Sunday or on a holiday, in which case the prescribed time shall be extended so as to include the first business day thereafter."

Our decisions upon the computation of time and upon the construction of the statute are gathered in 6 Dunnell, Minn. Dig. (2 ed. & Supp.) §§ 9625-9630a. It is unnecessary to cite all the cases or to review many. The controlling words in § 7669 in which we are now interested are that "the liability of the latter [transferor] shall continue for one year after the entry of such transfer." The lien of a judgment continues "for the period of 10 years, and no longer." The day of the entry is excluded in computing the ten years. Spencer v. Haug, 45 Minn. 231, 47 N. W. 794; Davidson v. Gaston, 16 Minn. 202, 209 (230). The time for filing

a mechanic's lien expires "60 days after the time of performing such labor." The first day is excluded and the last included. Frankoviz v. Smith, 34 Minn. 403, 26 N. W. 225. The time for redemption from a sale on a mechanic's lien foreclosure is "one year after the date of the order of confirmation." The statutory rule excluding the first day was applied. Bovey De Laittre Lbr. Co. v. Tucker, 48 Minn. 223, 50 N. W. 1038. When a cause of action must be brought within a designated number of years "after the cause of action accrues" the first day is excluded. Nebola v. Minnesota Iron Co. 102 Minn. 89, 112 N. W. 880, 12 Ann. Cas. 56; Haack v. Coughlan, 134 Minn. 78, 158 N. W. 908.

Cases from other jurisdictions accord with our holdings. A lien of a judgment continues or an action can be brought upon it within a stated number of years, and the first day is excluded. Parker v. Brattan, 120 Md. 428, 87 A. 756. And so where there must be an appeal within a year or other time. Boyett v. Frankfort Chair Co. 152 Ala. 317, 44 So. 546; Connerly v. Dickinson, 81 Ark. 258, 99 S. W. 82; School Board v. Alexander, 126 Va. 407, 101 S. E. 349. And where an action must be brought within a stated time. Parsons v. Egyptian Levee Co. 73 Mo. App. 458. And so where there may be a redemption within a stated period from a mortgage foreclosure sale. Styles v. Dickey, 22 N. D. 515, 134 N. W. 702. Burnet v. Willingham L. & T. Co. 282 U. S. 437, 51 S. Ct. 185, 75 L. ed. 241, is illustrative. Tax returns were made on March 15, 1921, and March 15, 1922. Assessments were made on March 15, 1926. The revenue act required the assessments to be made in the first instance "within five years after the return was due or was made" and in the latter "within four years after the return was filed." The rule of excluding the first day and including the last was adopted and the assessments held in time.

That it may not be supposed that we overlooked them it is noted that there are statutes defining the method of computing time which by their terms refer to "days, weeks or months of time," or use similar language, where it is held that the statute does not apply to the computation of a year or years, there being no provision as

to years. Aultman & Taylor Co. v. Syme, 163 N. Y. 54, 57 N. E. 168, 79 A. S. R. 565, is a typical case. Another case is Siebert v. Jacob Dudenhoefer Co. 178 Wis. 191, 188 N. W. 610, where a like result was reached under a statute referring to the computation of time "when expressed in days." Such cases are cited and the appropriate distinction drawn in Styles v. Dickey, 22 N. D. 515, 134 N. W. 702.

The defendant relies upon Budds v. Frey, 104 Minn. 481, 117 N. W. 158, 15 Ann. Cas. 24. This case involved a lease from and after a given date. The lease was from quarter to quarter "from and after April 1." A notice was served on June 28 terminating the lease "on or before the 30th day of September." The date of termination was held the proper one. This case is not controlling. Of course the statute for the computation of time is without application, for the case involved a contract. It seems in harmony with the authorities bearing on the time of the termination of leases.

The weight of authority is in harmony with our statutory rule of computation of time. There should not be a departure from it.

■ A bona fide transferor of stock in a bank is not liable for the debts of the bank incurred after the transfer nor for debts existing at the time of the transfer and paid before the insolvency of the bank and its taking over for liquidation. Harper v. Carroll, 62 Minn. 152, 64 N. W. 145; International Tr. Co. v. American L. & T. Co. 62 Minn. 501, 65 N. W. 78, 632; Harper v. Carroll, 66 Minn. 487, 69 N. W. 610, 1069; Hunt v. Doran, 92 Minn. 423, 100 N. W. 222; N. W. Trust Co. v. Bradbury, 112 Minn. 76, 127 N. W. 386; Veigel v. Harris, 166 Minn. 438, 208 N. W. 129. The complaint does not allege that at the time of the transfer there were debts which are now unpaid. Its theory is that the defendant owned the $5,000 of stock at the time of the insolvency of the bank and the taking over for liquidation on November 23, 1926. It alleges that he owned the stock then. It states a cause of action. If it had stated that the plaintiff transferred his stock on November 23, 1925, it would not have stated a cause of action. The plaintiff cannot recover if that is true. If instead of demurring the plaintiff had moved for

judgment on the pleadings he would have failed. The question would have been the same. A demurrer to the answer searches the record and in effect asks judgment and reaches the first defective pleading. 5 Dunnell, Minn. Dig. (2 ed. & Supp.) § 7547. The complaint is not defective; but if it had alleged the transfer of November 23, 1925, and the existence of debts unpaid when insolvency intervened on November 23, 1926, and not earlier, it would not have stated a cause of action. The answer by alleging a transfer on November 23, 1925, and it not appearing that there were debts then, states a defense.

The net result is that the defendant does not have a transferor's liability. None is alleged in the complaint, and the demurrer to the answer was rightly overruled.

Order affirmed.

STONE, J. took no part.

UPON APPLICATION FOR REARGUMENT.

On April 10, 1931, the following opinion was filed:

PER CURIAM.

Both parties move for a reargument.

Counsel for the plaintiff says we were in error in saying that the "transfer was entered on the books of the bank." We were. The answer alleged that the defendant sold and transferred the stock to the president and managing officer of the bank and directed him to enter the transfer on the books and supposed that he did so. This allegation is sufficient to permit evidence relieving the defendant of liability except such as he would have if the transfer had been entered. Hunt v. Seeger, 91 Minn. 264, 98 N. W. 91; Keyes v. Myhre, 143 Minn. 193, 173 N. W. 422; 45 A. L. R. 144. Therefore our misstatement does not affect the result.

Counsel urges further that the parties wanted only a decision on the rule as to the computation of time and that we went further. A demurrer must be decided on the record; and it would be quite unjust that the defendant be subjected to a recovery upon a primary liability if only secondarily liable. So the plaintiff's motion is denied.

We have considered our holding upon the rule for the computation of time, which is the point upon which the defendant seeks a reargument and discusses thoroughly. We are satisfied with the result and so deny his motion.

