RUDOLF OLSON v. M. E. McGRAW AND ANOTHER.[1]

February 24, 1933.

No. 29,265.

*Charles F. Kelly* and *Gordon J. Mangan,* for relator.

*Sam G. Anderson,* for employer-respondent.

HILTON, JUSTICE.

Certiorari on the relation of the Continental Casualty Company, the insurer, to review a decision of the industrial commission awarding compensation to an injured employe.

The correctness of the award as to amount is not questioned. The only issue is as to the liability of the insurer, and that involves the sole question as to whether or not an attempted cancelation of a

[1]Reported in 247 N. W. 8.

workmen's compensation policy was effective prior to the time of the employe's accident, which occurred at six a. m. on September 4, 1931.

The policy provided that it "may be canceled at any time by either of the parties upon written notice to the other party stating when, not less than ten days thereafter, cancelation shall be effective."

The employer (insured) received written notice of the cancelation of the policy by registered mail on August 25, 1931, at 2:30 p. m. The notice stated that the policy "is hereby cancelled as of 12:01 a. m. September 3rd, 1931." The statement in the notice as to the day, hour, and minute when the cancelation was to become effective is not controlling—there must be ten days' notice. Relator contends that the ten-day period began to run on the day of the receipt of the notice by the insured, and that that day should not be excluded. This contention is not sound.

G. S. 1923 (2 Mason, 1927) § 10933(21), provides:

"In computing the time within which an act is required or permitted to be done, the first day shall be excluded and the last included, unless the last shall fall on Sunday or on a holiday, in which case the prescribed time shall be extended so as to include the first business day thereafter."

This rule applies to statutes wherein a stated period of time is provided for. The statutory rule as such does not apply to the computation of time in private contracts. However, a like rule is generally applied to such contracts and is the common law rule. Nebola v. Minnesota Iron Co. 102 Minn. 89, 112 N. W. 880, 12 Ann. Cas. 56; Bank of Dassel v. March, 183 Minn. 127, 235 N. W. 914. That rule applies in this case. The policy was in full force and effect at the time of the accident.

Affirmed.