In the Matter of the WELFARE OF K.A.A., Child.

No. C7–86–1109.

Court of Appeals of Minnesota.

Dec. 2, 1986.

Review Granted Jan. 21, 1987.

Steven M. Bradt, Grand Rapids, for respondent.

W. James Mason, Asst. Itasca Co. Atty., Grand Rapids, for appellant.

Considered and decided by WOZNIAK, P.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

A petition for delinquency was filed for seventeen year old K.A.A. on April 1, 1986. K.A.A. moved for a jury trial or reference for prosecution as an adult. The prosecution made no motion. The court granted K.A.A.'s request for trial and the State appeals.

## FACTS

K.A.A. is charged with driving under the influence, operating an uninsured motor vehicle, and fleeing a peace officer. The first two charges are misdemeanors and the third is a gross misdemeanor. This minor has had repeated contact with the juvenile court system since 1981. At K.A.A.'s request his attorney brought a motion requesting a jury trial within the juvenile court system or in the alternative reference for trial as an adult. The court ordered that the child be allowed to proceed in adult court with the right to a jury trial. The State appeals.

## ISSUES

1. Is a juvenile entitled to a jury trial in juvenile court?

2. Did the trial court err in granting juvenile's request for prosecution as an adult?

## ANALYSIS

### I

■ The U.S. Supreme Court has recognized that juveniles are entitled to some constitutional protection. *Haley v. Ohio*, 332 U.S. 596, 68 S.Ct. 302, 92 L.Ed. 224 (1948) (coerced confession was not admissible evidence in juvenile court); *Kent v. United States*, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966) (Court recognized a juvenile's right to discovery, a hearing and to consult with counsel); *In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967) (juvenile should have the rights to counsel in all stages of delinquency proceeding and the right to cross-examination, confrontation, and the privilege against self-incrimination); *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) (juvenile courts must have the same standard of proof as adult court and charges must be proved beyond a reasonable doubt).

However, in 1971 the Supreme Court, in a plurality opinion, held that juveniles do not have a constitutional right to a jury in juvenile proceedings. In *McKeiver v. Pennsylvania*, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971), the Court held, inter alia, that:

1. Juvenile matters are civil, not criminal.

2. A required jury trial would make juvenile proceedings fully adversarial and end what had ideally been an "intimate, informal protective proceeding."

3. The addition of a jury trial would not remedy the defects of the juvenile system and would harm the court's ability to function in a unique manner.

4. A jury trial in the juvenile system would bring delay, formality, description and possibly a public trial.

*Id.* at 543–50, 91 S.Ct. at 1985–88.

The court explained:

[i]f the formalities of the criminal adjudicative process are to be superimposed upon the juvenile court system, there is little need for its separate existence. Perhaps that ultimate disillusionment will come one day, but for the moment we are disinclined to give impetus to it.

*Id.* at 551, 91 S.Ct. at 1989.

K.A.A. contends that the time has arrived to allow juvenile jury trials and that the civil/criminal distinction between juve-

nile court and adult court no longer exists because, for all practical purposes, a delinquency proceeding is the same as an adult criminal proceeding.

K.A.A. points out that the procedural rules for juvenile proceedings are similar to those for adult court criminal proceedings. *See* Minn.R.P.Juv.Cts. 27.03, subd. 2; Minn. R.Crim.P. 26. A juvenile proceeding may result in incarceration of some sort, even though that incarceration is meant to be rehabilitative rather than punitive.

Additional support for allowing juveniles a jury trial is based on a perceived philosophical change with regard to the purpose of juvenile court system. In 1980 the Juvenile Court Act had as its stated purpose to secure "for each child * * * the care and guidance, preferably in his own home, as will serve the * * * welfare of the child and the best interests of the state." Minn. Stat. § 260.011, subd. 2 (1980). In 1982, the legislature amended the Act. The tenor of the amended Act was much more severe and included promoting public safety. Minn.Stat. § 260.011, subd. 2 (1982).

Careful analysis of *McKiever* reveals that although the Supreme Court held that juveniles do not have a constitutional right to a jury trial in juvenile court proceedings, states are free to provide for jury trials. *McKiever,* 403 U.S. at 547–48, 91 S.Ct. at 1987. Although there are many strong reasons for allowing jury trials in juvenile court proceedings, in the absence of a constitutional right such provision must be left to the state legislatures.

## II

■ The State argues that it is the *sole* prerogative of the prosecutor to initiate a proceeding for reference of a child for prosecution as an adult because the Rules for Juvenile Courts provide:

> Proceedings to refer a delinquency matter pursuant to Minn.Stat. § 260.125 may be initiated *only* upon motion of the county attorney after a delinquency peti-

tion has been filed, pursuant to Rule 19. (Emphasis added).

Minn.R.P.Juv.Cts. 32.01.

*State v. Brown,* 50 Minn. 353, 52 N.W. 935 (1892), relied upon by the State as authority for its position that a juvenile was not entitled to a jury trial, merely held that there was statutory authority for the state, acting as *parens patriae,* to commit a juvenile to reform school custody, and therefore, that the juvenile had no right to a jury trial. *Id.* at 936. *Brown* was decided long before the Supreme Court began recognizing that juveniles were entitled to any constitutional protection.

K.A.A. argues that he is entitled to remove himself from the juvenile system and demand a jury trial because treatment as a juvenile is a "right" and thus is waivable, predicating his argument on the rule language that:

> [a] child may voluntarily and intelligently waive any other right after being fully and effectively informed of the right by counsel or by the court * * *.

Minn.R.P.Juv.Cts. 15.03. The trial court found that after being fully advised of the consequences by the court and his own attorney, K.A.A. chose to waive treatment as a juvenile.

Direct support for that argument appears in *In re Welfare of I.Q.S.,* where the supreme court said:

> Although the entire juvenile system involves the waiver of certain constitutional rights in favor of the protection, programs and special features afforded juveniles, *any child not wishing to avail himself of this treatment could certainly demand his constitutional right to be, for example, tried by a jury.* (Emphasis added).

*I.Q.S.,* 309 Minn. 78, 85, 244 N.W.2d 30, 37 (1976). That language sufficiently articulates K.A.A.'s right to waive his juvenile "protection" and receive a jury trial as an adult.

## DECISION

A juvenile may waive his limited right to treatment as a juvenile and be tried and

sentenced as an adult. The trial court's reference for prosecution as an adult is therefore affirmed.

Affirmed.