**CAREER RESOURCES, INC.,**
Respondent,

v.

**PEARSON CANDY
COMPANY, Appellant.**

**No. C6–88–1736.**

Court of Appeals of Minnesota.

Jan. 31, 1989.

See also, 428 N.W.2d 606.

Joel W. Lavintman, Smith, Juster, Feikema, Malmon & Haskvitz, chd. Minneapolis, for respondent.

Robert C. Boisvert, Jr., Fredrikson & Byron, P.A., Minneapolis, for appellant.

Heard, considered and decided by HUSPENI, P.J., and NIERENGARTEN and LESLIE *, JJ.

## OPINION

NIERENGARTEN, Judge.

The appellant asserts the district court erred as a matter of law by concluding an employee was not terminated within thirty days and by concluding the respondent employment search firm is entitled to its placement fee. We reverse.

## FACTS

Respondent Career Resources, Inc., an employment search firm, entered into an agreement with appellant Pearson Candy Company (Pearson) to place Career Resources' client, Jeffrey Anderson, with Pearson; Pearson agreed to hire Anderson as a programmer analyst. Pearson was entitled to recover the placement fee from Career Resources if Anderson left Pearson "for any reason * * * within thirty (30) days of employment."

Anderson began working for Pearson on January 4, 1988. His employment with Pearson was terminated as of 4:00 p.m. on February 3, 1988. Pearson claimed it was not obligated to pay Career Resources its placement fee because Anderson was terminated within thirty days of his employ-

ment, asserting the first day of employment should not be counted under the statutory method of computing time periods. Career Resources claimed it was entitled to its placement fee because Anderson actually worked thirty-one days for the company. Pearson filed a motion under Rule 12 for an order dismissing Career Resources' action.

The district court denied Pearson's motion to dismiss Career Resources' complaint and ordered judgment against Pearson in the amount of the placement fee. The court concluded Pearson's right to the refund ended after Anderson's thirtieth day of actual employment. The court computed the thirty-day period by including Anderson's first day of employment on January 4 and found as a matter of law that Career Resources was entitled to its placement fee because Anderson worked for Pearson for thirty-one days.

## ISSUES

1. Did the district court err by concluding the employee was not terminated within thirty days of employment and that the respondent was entitled to its placement fee?

2. Did the district court err by granting summary judgment?

## ANALYSIS

The facts are not contested. We must determine whether the district court erroneously applied the law. *See Minneapolis, St. Paul & Sault Ste. Marie Railroad v. St. Paul Mercury Indemnity Co.,* 268 Minn. 390, 406, 129 N.W.2d 777, 788 (1964).

### 1. Time Computation

Anderson actually worked thirty-one days at Pearson. Pearson contends, however, that the thirty-day time period specified in the placement agreement is governed by common law principles codified in section 645.15, and asserts the first day of employment must be excluded.

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

Where the performance or doing of any act, duty, matter, payment, or thing is ordered or directed, and the period of time or duration for the performance or doing thereof is prescribed and fixed by law, the time * * * shall be computed so as to exclude the first and include the last day of the prescribed or fixed period or duration of time.

Minn.Stat. § 645.15 (1986).

Although section 645.15 has been held to apply only to acts prescribed by statute, *see Olson v. McGraw*, 188 Minn. 307, 308, 247 N.W. 8, 8 (1933) (the statutory provision for computing time "does not apply to the computation of time in private contracts"), the statutory method for computing time is declaratory of the common law.

Where the common law prevails, the general rule for the computation of time is to exclude the first and include the last day. * * * Our computation-of-time statute (§ 645.15) is but declaratory of the general common-law rule.

*Nelson v. Sandkamp*, 227 Minn. 177, 179, 34 N.W.2d 640, 642 (1948) (citing *Nebola v. Minnesota Iron Co.*, 102 Minn. 89, 112 N.W. 880 (1907)).

■ Although the parties' placement agreement is not ambiguous on its face, the term "within thirty (30) days of employment" may be susceptible to differing interpretations. A contract generally must be construed most strongly against the party who drafted it. *Lowry v. Kneeland*, 263 Minn. 537, 541, 117 N.W.2d 207, 210 (1962). However, here the placement agreement cannot be interpreted in favor of Career Resources because, in the absence of a contrary indication, the parties presumedly incorporated existing law into their contract. *See Indianhead Truck Line, Inc. v. Hvidsten Transport, Inc.*, 268 Minn. 176, 184, 128 N.W.2d 334, 341 (1964) ("parties to a contract are presumed to enter into their engagements with reference to the applicable law"); *William Lindeke Land Co. v. Kalman*, 190 Minn. 601, 607, 252 N.W. 650, 653 (1934) ("The existing statutes and the settled law of the land at the time a contract is made become part of it and must be read into it except where the contract discloses an intention to depart therefrom.").

■ Career Resources is a commercial employment search firm and could have insisted on an explicit method for computing the thirty-day time period or specified a particular date upon which the placement fee would become nonrefundable. Absent a contrary indication by the parties, we must conclude the parties' placement agreement incorporated the common law method for computing time periods as codified in section 645.15. *Cf. Olson*, 188 Minn. 307, 247 N.W. 8 (1933) (the parties disputed the method for computing time with respect to an insurance cancellation notice; the court applied the common law method). As a matter of law, Anderson was terminated within thirty days of employment and Pearson was not obligated to pay the placement fee. The district court should have granted Pearson's Rule 12 motion to dismiss.

### 2. Summary Judgment

Since we conclude the district court erred by denying Pearson's Rule 12 motion, we need not consider or decide whether the court could have granted summary judgment sua sponte.

### DECISION

Absent a contrary indication by the parties, the employment placement agreement incorporated the common law method for computing time periods. As a matter of law, the employee was terminated within thirty days of his employment and the appellant was not obligated to pay the placement fee. This case is remanded and the district court is directed to enter judgment granting the appellant's Rule 12 motion and dismissing Career Resources complaint with prejudice.

**REVERSED AND REMANDED.**