In the Matter of the **WELFARE OF J.D.O.**

**No. CX–93–23.**

Court of Appeals of Minnesota.

Aug. 17, 1993.

Review Denied Sept. 30, 1993.

William R. Kennedy, Hennepin County Public Defender, Warren R. Sagstuen, Asst. Public Defender, Minneapolis, for appellant J.D.O.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael O. Freeman, Hennepin County Atty., Thomas H. Frost, Sr. Asst. County Atty., Minneapolis, for respondent State of Minnesota.

Considered and decided by KALITOWSKI, P.J., and CRIPPEN and FLEMING,* JJ.

\* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

## OPINION

KALITOWSKI, Judge.

J.D.O. challenges the trial court's failure to dismiss the petition charging him with fifth degree assault on the grounds that the state did not comply with Minn. R.Juv.P. 27.02, subd. 1(a).

## FACTS

In January 1992, appellant J.D.O. was ordered to attend St. Croix Camp, a nonsecure facility for juvenile delinquents, on a habitual truancy petition. Appellant was placed on house arrest until March 3, 1992, the placement date at the camp. Later in January, a petition charging appellant with fifth degree assault, the charge at issue in this appeal, was issued.

In February 1992, J.D.O. appeared for a joint disposition/arraignment hearing. J.D.O. had violated the terms of house arrest ordered on the habitual truancy petition and the court ordered him detained in custody until his placement date at St. Croix Camp. J.D.O. denied the charge on the assault petition and demanded a trial within 30 days. The referee denied J.D.O.'s demand concluding that because J.D.O. was serving a disposition on the truancy petition and was not being detained on the assault charge he was not entitled to a trial within 30 days under Minn.R.Juv.P. 27.02, subd. 1(a).

On the day of trial, J.D.O. was not present due to the state's failure to send the writ of habeas corpus to St. Croix Camp. Appellant's attorney moved for dismissal of the petition on speedy trial grounds. The trial judge dismissed the case without stating the grounds for dismissal. The state then filed a motion for the trial judge to reconsider the dismissal of the assault petition. The trial judge denied the motion to reconsider, but clarified that his earlier dismissal of the petition was without prejudice and stated that the state was free to refile assault charges against J.D.O.

After the state refiled the petition, J.D.O. brought a motion to dismiss on speedy trial

grounds. A different trial judge denied the motion on the grounds that the right to a trial within 30 days under Minn.R.Juv.P. 27.02, subd. 1(a) did not apply to appellant because placement at St. Croix Camp was treatment, not detention. Appellant's case proceeded to trial. J.D.O. was adjudicated guilty of the assault charge and disposition was entered. Appellant challenges the trial court's failure to dismiss the recharged petition.

## ISSUE

Did the trial court err in concluding that appellant's right to a speedy trial was not violated?

## ANALYSIS

A criminal defendant receives the guarantee of a speedy trial under both the United States and the Minnesota Constitutions. U.S. Const. amend. VI, XIV, § 1; Minn. Const. art. I, § 6. In cases involving juvenile delinquency petitions, Minn.R.Juv.P. 27.02, subd. 1 requires that a trial commence:

(a) for a child held in detention, within thirty (30) days from the date of the denial of the allegations of the petition, or

(b) for a child not held in detention, within sixty (60) days from the date of the denial of the allegations of the petition.

If a trial has not commenced, or a continuance has not been granted within the time frames set forth above, the petition must be dismissed. Minn.R.Juv.P. 27.02, subd. 2.

■ The construction of the juvenile rule is a question of law and thus reviewable de novo by an appellate court. *See Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985). The issue presented by this appeal is whether J.D.O. was entitled to a trial within 30 days from the date of his arraignment on the assault charge. This determination depends on whether J.D.O.'s placement at St. Croix Camp constituted detention under the rule.

Appellant argues that to determine whether he was held in detention for the purpose of triggering the 30–day requirement we should look to Minn.R.Juv.P. 18.01 which states:

A child is detained when:

(a) taken into custody pursuant to Minn. Stat. 260.135, 260.145 or 260.165, and

(b) the court orders detention of the child, pursuant to Minn.Stat. 260.172 or 260.185, before a disposition, pursuant to Rule 30, and

(c) the court orders conditions or release, pursuant to Rule 18.0[2], Subd. 2(C)(2), before a disposition, pursuant to Rule 30.

Appellant argues that J.D.O. meets this definition and therefore he was "held in detention" for purposes of Minn.R.Juv.P. 27.02, subd. 1(a). We disagree.

■ In general, the right to a speedy trial prevents lengthy incarceration prior to an adjudication of guilt on an outstanding charge. In the juvenile setting, the policy behind Minn.R.Juv.P. 27.02, subd. 1(a) is to ensure the juvenile is held in custody without treatment for the shortest period possible:

While the sixty day time for scheduling a trial for a child who is not in custody is similar to the sixty day trial rule for adults, the time is accelerated for children who are held in custody because of the negative impact incarceration without treatment may have on the child.

12 John O. Sonsteng & Robert Scott, *Minnesota Practice* 414 (1985). The definition of detention in Minn.R.Juv.P. 18.01 supports this policy by defining detention as court-ordered custody *prior* to disposition on a petition. Minn.R.Juv.P. 18.01(b).

■ Here, J.D.O. was receiving treatment on a previously adjudicated petition. No predispositional detention on the assault petition was ever ordered. The handling of the assault petition was not prejudiced or affected by J.D.O.'s placement at St. Croix Camp on the truancy petition. *See Barker v. Wingo*, 407 U.S. 514, 532–33, 92 S.Ct. 2182, 2193, 33 L.Ed.2d 101 (1972) (in assessing whether a defendant has been denied the right to a speedy trial one of the

factors the court must consider is whether delay has prejudiced the defendant's ability to present a defense).

We conclude the policy reasons for enforcing the right to a trial within 30 days are not present in this case. The fact that J.D.O. was in treatment for an adjudicated unrelated charge does not trigger the right to a trial within 30 days for the subsequent petition.

■ Appellant also argues the dismissal of the original assault petition was for speedy trial grounds thereby barring the state from refiling the petition. We disagree. By clarifying that the dismissal was without prejudice and that the state could refile the charges, the court was, in effect, ruling that although J.D.O.'s absence made proceeding with trial impossible, J.D.O.'s right to a speedy trial had not been violated.

We hold that because J.D.O. was not detained on the assault petition he was not entitled to a trial within 30 days under Minn.R.Juv.P. 27.02, subd. 1(a). Because we conclude the rule was not violated, we need not address whether an analysis of the constitutional factors, in addition to a violation of the rule, is necessary to establish a speedy trial violation.

### DECISION

The trial court properly concluded that J.D.O. was not entitled to a trial within 30 days on the assault petition pursuant to Minn.R.Juv.P. 27.02, subd. 1(a).

**Affirmed.**