Gail and Les SMIGLA, Appellants,

v.

Betty and Cyril SCHNELL, Respondents.

No. C3–95–2393.

Court of Appeals of Minnesota.

April 30, 1996.

Helen M. Meyer and Joseph E. Atkins, Pritzker & Meyer, P.A., Minneapolis, for Appellants.

William M. Hart and Joseph W.E. Schmitt, Meagher & Geer, P.L.L.P., Minneapolis, for Respondents.

Considered and decided by SHORT, P.J., and DAVIES and MULALLY *, JJ.

## OPINION

DAVIES, Judge.

Respondents, dissatisfied with a non-binding arbitration award, filed a request for trial with the district court by facsimile transmission. The facsimile transmission occurred after the administrator's office closed, but before midnight on the last permissible day for filing the request. The district court allowed the case to go to trial. We affirm the judgment entered after trial because the district court correctly determined that respondents' request for trial was timely filed.

## FACTS

Appellant Gail Smigla was operating an automobile that collided with a car driven by Jodi Pearl. Six months later, Smigla's car was rear-ended by a vehicle owned by respondents Betty and Cyril Schnell. Smigla and her husband, appellant Les Smigla, sued Pearl and the Schnells, seeking damages for injuries arising out of the two accidents.

The court ordered the parties to submit their dispute to non-binding arbitration. The arbitrator awarded the Smiglas $17,000, exclusive of no-fault benefits.[1] The arbitrator filed the award and order for judgment on March 17, 1995, making April 6 the deadline to request a trial under the 20–day period provided for in Minn.R.Gen.Pract. 114.09(e).

Having confirmed that respondents had not filed a request for trial as of 4:30 p.m. on April 6, the Smiglas' attorney immediately sent a facsimile transmission to the Schnells' attorney, noting that the matter was concluded and cancelling a deposition scheduled for the following morning. Upon receiving that correspondence, the Schnells' counsel promptly sent a request for trial to the "closed" Ramsey County district court administrative office via facsimile transmission. The transmission was received at 5:17 p.m.

The Smiglas moved for entry of judgment on the arbitrator's award, arguing that the Schnells' request for trial was untimely. The Smiglas submitted an affidavit of Lynae Olson, the civil assignment supervisor for the district court administrator, confirming that on April 5, 1995, she had told the Smiglas' counsel that the "close of business for the Ramsey County Courts was 4:30 p.m. and that filings received after that time would be considered untimely." After hearing arguments on the issue, the district court held the filing timely.

The matter proceeded to trial and a jury awarded the Smiglas damages totalling $21,-361.06. After the district court offset monies Smigla had received from her no-fault carrier, the court administrator entered judgment totalling $5,347.93. The Smiglas appeal from this judgment, arguing that the Schnells' request for trial was untimely and that the jury's verdict should, therefore, be set aside in favor of the arbitrator's initial award.

## ISSUE

Is a party's rejection of a non-binding arbitration award timely where the party sends the request for trial by facsimile after the district court administrator's close of business, but before midnight, on the last permissible day?

## ANALYSIS

■ The issue on appeal involves construction of the Minnesota Rules of General Practice and the Minnesota Rules of Civil Procedure. Construction of a rule of procedure or general practice is a question of law, which this court reviews de novo. *See State v. Johnson*, 514 N.W.2d 551, 553 (Minn.1994) (conflict between statute and rule of civil procedure is question of law subject to de novo review); *In re Welfare of J.D.O.*, 504 N.W.2d 281, 283 (Minn.App.1993) (construction of rule of juvenile procedure is question of law reviewed de novo), *review denied* (Minn. Sept. 30, 1993).

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

1. Pearl settled with the Smiglas by *Pierringer* release sometime before the arbitration.

■ Where the words of a statute or rule are clear and unambiguous, the court must give effect to their plain meaning. Minn. Stat. § 645.16 (1994); *Tuma v. Commissioner of Econ. Sec.*, 386 N.W.2d 702, 706 (Minn. 1986). Where, as here, the facts are not contested, this court determines "whether the district court erroneously applied the law." *Career Resources, Inc. v. Pearson Candy Co.*, 435 N.W.2d 114, 115 (Minn.App. 1989).

A party who wishes to proceed to trial after arbitration must file a request for trial "[w]ithin 20 days after the arbitrator files the decision with the court." Minn.R.Gen.Pract. 114.09(e). This 20–day period "shall not be extended." *Id.*

> If no party has filed a request for a trial within 20 days after the award is filed, the court administrator shall enter the decision as a judgment and shall promptly mail notice of entry of judgment to the parties.

Minn.R.Gen.Pract. 114.09(d)(2).

According to appellants' interpretation of rule 114.09, the word "day" means "normal business hours of the court." But that interpretation, limiting filing to business hours, adds a requirement that is not expressed in the plain language of the rule.

■ In a recent case regarding a facsimile transmission after normal business hours, the Minnesota Supreme Court held that the term "day" in Minn.Stat. § 278.05 "comprises the 24–hour period extending from one midnight to the next midnight." *Homart Dev. Co. v. County of Hennepin*, 538 N.W.2d 907, 911 (Minn.1995). In *Homart*, the tax court had determined that the petitioner's sending of an appraisal by facsimile transmission at 6:15 on the fifth day before the hearing did not constitute a timely furnishing of the appraisal under the terms of the statute, which required that the petitioner furnish the property's appraisal to the county assessor "at least five days before the hearing." *Id.* (quoting Minn.Stat. § 278.05, subd. 6(b) (1992)). The tax court excluded

the appraisal from evidence at the hearing. *Id.* The supreme court reversed, noting that:

> [T]o limit the period in which to furnish the appraisal to the normal business hours of the recipient is to engraft upon the statute a requirement that is contrary to the language of the statute and the intention of the legislature.

*Id.* at 911.

Consistent with *Homart*, we hold that the term "day" in Minn.R.Gen.Pract. 114.09 comprises the 24–hour period extending until midnight. Accordingly, the filing of a request for trial after normal business hours of the district court on the 20th day after filing of an arbitration award complies with the requirements of rule 114.09(e), provided that the filing is successfully accomplished.

Appellants argue that the district court is not a "SuperAmerica store" required to be open for filing 24 hours per day. Appellants submitted two affidavits from members of the court administrative staff indicating that the administrative office closes at 4:30 p.m. and that documents received for filing after that time are not filed on that date, but are instead treated as filed on the next business day.

This court does not defer to the court administrator's conclusions of law regarding the timeliness of filing. The Minnesota Rules of Civil Procedure authorize filing by facsimile transmission and dictate the consequences of such a filing:

> Any paper may be filed with the court by facsimile transmission. Filing shall be **deemed complete at the time that the facsimile transmission is received** by the court and the filed facsimile shall have the same force and effect as the original.

Minn.R.Civ.P. 5.05 (emphasis added).

Unlike the rules in some other states, which expressly provide for transmission *only during specific hours,*[2] Minn. R. Civ. P. 5.05 does not limit the hours for filing by facsimile transmission. Moreover, rule 77.01 of the Minnesota Rules of Civil Procedure

---

2. *See, e.g.,* S.D. Codified Laws Ann. § 15–6–5(d) (Supp.1995) (providing that "facsimile filings shall be completed by 5 o'clock p.m."); Wis.Stat. § 801.16 (1994) (providing "that papers filed by

facsimile transmission completed after regular business hours of the clerk of court's office are considered filed the next business day").

states: "The district courts shall be deemed always open for the purpose of filing any pleading or other proper paper." [3] Similarly, Minn.Stat. § 484.08 (1994) provides: "The district courts of the state shall be deemed open at all times, except on legal holidays and Sundays." [4]

There is no dispute here that the clerk's facsimile machine received respondent's request for trial before midnight. By purchasing a facsimile machine with a time and date stamp and leaving it on after normal business hours, the court administrator has made filing available at all hours of the day, even when a clerk or deputy is not present.

## DECISION

Respondents timely filed their request for trial when the district court administrator's facsimile machine received the trial request before midnight on the last permissible day for filing.

**Affirmed.**

---

**3.** *Minnesota Practice* makes the following comment regarding rule 77.01:

> Rule 77.01 deems the district courts to be always open for the purpose of filing pleadings and other papers, issuing process, and other normal functions of the clerk's office. By deeming the court always open, the rule permits the district court judge or clerk to perform official duties at any time. * * * The rule thus permits the filing of papers in the evening, but it would be necessary for the clerk or a deputy to reopen the office for that purpose.

2A David F. Herr and Roger S. Haydock, *Minnesota Practice* § 77.3 (1985). This comment predates the amendment authorizing filing by facsimile transmission and providing a rule on time of filing.

**4.** Although they do not provide for filing by facsimile, our appellate rules for filing by mail also have no "business hours" requirement. *See* Minn.R.Civ.App.P. 125.01 (papers timely filed if "deposited in the mail within the time fixed for filing").