**In the Matter of the WELFARE OF C.D.N., Child (C0–96–1227), A.R.L., Child (C2–96–1228).**

**Nos. C0–96–1227, C2–96–1228.**

Court of Appeals of Minnesota.

Feb. 11, 1997.

Hubert H. Humphrey, III, Attorney General, St. Paul.

Raymond F. Schmitz, Olmsted County Attorney, David S. Voigt, Assistant County Attorney, Rochester, for Respondent County.

John M. Stuart, State Public Defender, Charlann E. Winking, Assistant State Public Defender, Minneapolis, for Appellants C.D.N. and A.R.L.

Considered and decided by KALITOWSKI, P.J., and HARTEN and FOLEY,* JJ.

## OPINION

DANIEL F. FOLEY, Judge.

In this consolidated appeal, two juveniles adjudicated delinquent for committing criminal sexual conduct allege that mandatory registration as predatory sexual offenders violates their due process rights because, although registration is an adult sanction, appellants were not given the right to a jury trial. We affirm but invite the legislature to review the mandatory application of the registration statute to juveniles.

## FACTS

Appellant C.D.N. was charged with one count of first-degree criminal sexual conduct. The petition alleged that when C.D.N. was 11 years old, she sexually abused a four-year-old child. C.D.N. entered an admission to the amended charge of second-degree criminal sexual conduct in violation of Minn.Stat. § 609.343, subd. 1(a) (1996). After a dispositional hearing, C.D.N. moved to modify the disposition order to eliminate the requirement that she register as a predatory sexual offender. The juvenile court denied her mo-

tion and issued an order adjudicating C.D.N. delinquent and requiring her to register as a predatory sex offender. C.D.N. appealed.

Appellant A.R.L., a 17–year–old boy, was charged by petition with two counts of third-degree criminal sexual conduct. The first count alleged that A.R.L. engaged in sexual intercourse with a 14–year–old, and the second count alleged that he used force or coercion. Under a plea agreement, A.R.L. entered an admission to the first count, a violation of Minn.Stat. § 609.344, subds. 1(b) (1996), and the second count was dismissed. After the dispositional hearing, the juvenile court filed an order adjudicating A.R.L. delinquent. The order committed him to the custody of the Commissioner of Corrections, but stayed the commitment. A.R.L. moved to eliminate the requirement that he register as a predatory sex offender, but the court denied the motion. After A.R.L. appealed, this court consolidated the two cases.

## ANALYSIS

■ In a constitutional challenge, the interpretation of a statute is a question of law subject to de novo review. *In re Blilie*, 494 N.W.2d 877, 881 (Minn.1993). The party challenging the statute has the burden of demonstrating beyond a reasonable doubt that it is unconstitutional. *In re Haggerty*, 448 N.W.2d 363, 364 (Minn.1989).

■ Both the federal and state constitutions prohibit the deprivation of life, liberty, or property "without due process of law." U.S. Const. amend. XIV, § 1; Minn. Const. art. I, § 7. "The applicable due process standard in juvenile proceedings is fundamental fairness." *State v. Little*, 423 N.W.2d 722, 724 (Minn.App.1988), *review denied* (Minn. July 6, 1988) (citing *McKeiver v. Pennsylvania*, 403 U.S. 528, 543, 91 S.Ct. 1976, 1985, 29 L.Ed.2d 647 (1971)).

Pursuant to Minn.Stat. § 243.166 (1996), a person "adjudicated delinquent" for "criminal sexual conduct under sections 609.342; 609.343; 609.344; or 609.345" must register

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

as a predatory sex offender.[1] *Id.,* subd. 1(a)(1)(iii). The juvenile must remain registered for ten years or "until the probation, supervised release, or conditional release period expires, whichever occurs later." *Id.,* subd. 6(a). Failing to register is a gross misdemeanor. *Id.,* subd. 5.

This court has held that the sex offender registration, as applied to adults, is not punitive because it serves the regulatory purpose of assisting police investigations. *State v. Manning,* 532 N.W.2d 244, 248–49 (Minn. App.1995) (upholding sex offender registration statute against ex post facto challenge), *review denied* (Minn. July 20, 1995). Concluding that any additional burden on offenders from police scrutiny when local sex crimes occur "is not excessive in relation to the important regulatory purpose served," the *Manning* court found that the statute satisfies the factors listed in *Kennedy v. Mendoza–Martinez,* 372 U.S. 144, 169, 83 S.Ct. 554, 568, 9 L.Ed.2d 644 (1963).[2] *Manning,* 532 N.W.2d at 247–49. The court found that registration does not create an affirmative disability or restraint on the ground that the information is private data used only for law enforcement purposes. *Id.* at 248. The court next found that registration is not historically regarded as punishment because governments have employed various methods of registration to provide police "easy access to necessary information." *Id.* The court then found that registration does not promote a traditional aim of punishment because it only produces a "minimal deterrent effect." *Id.* The court finally found that registration had a strong relationship to a nonpunitive purpose because "[r]eg-

istrants are entitled to the same due process protections as they would be absent the registration." *Id.*

Appellants, both juveniles adjudicated delinquent for criminal sexual conduct, assert that the application of the sexual predator registration statute to juveniles violates due process because it imposes an adult sanction without providing them the right to a jury trial, a significant procedural safeguard available in the adult court system. Appellants contend that this court should not extend *Manning* to juveniles because registration has a greater punitive effect on children.

■  The application of the registration requirement to juveniles, however, does not alter the statute's nonpunitive purpose of providing law enforcement officials with the whereabouts of sexual offenders to assist them with investigations. *See Manning,* 532 N.W.2d at 248–49. Although we note that *Manning* found the registration statute nonpunitive under an ex post facto challenge, we find its reasoning persuasive under a due process analysis. Registration is consistent with the confidentiality of juvenile proceedings because the information remains private data. Minn.Stat. § 243.166, subd. 7. Because registration only requires juveniles to inform police of their address, it restricts neither their access to employment and education nor their freedom to travel. We conclude that the application of the registration statute to juveniles is nonpunitive.

Appellants note that sex offender registration leaves a lasting impact on juveniles because, at a minimum, they must remain registered for ten years, even if their probation

**1.** The statute provides in pertinent part:

A person shall register under this section if the person was charged with or petitioned for a felony violation of or attempt to violate any of the following, and convicted of or adjudicated delinquent for that offense or another offense arising out of the same set of circumstances: * * * criminal sexual conduct under section 609.342; 609.343; 609.344; or 609.345 * * *.

Minn.Stat. § 243.166, subd. 1(a)(1)(iii) (1996).

**2.** The factors are:

Whether the sanction involves an affirmative disability or restraint, whether it has historical-

ly been regarded as a punishment, whether it comes into play only on a finding of *scienter,* whether its operation will promote the traditional aims of punishment—retribution and deterrence, whether the behavior to which it applies is already a crime, whether an alternative purpose to which it may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned.

*Kennedy v. Mendoza–Martinez,* 372 U.S. 144, 169, 83 S.Ct. 554, 568–69, 9 L.Ed.2d 644 (1963). The *Manning* court did not analyze the scienter and crime factors because the underlying offense, criminal sexual conduct, obviously satisfied them. *Manning,* 532 N.W.2d at 247–48.

or release from custody terminates within a few years after their delinquency adjudication. Minn.Stat. § 243.166, subd. 6(a). The California Supreme Court has stated:

> Although the stigma of a short jail sentence should eventually fade, the ignominious badge carried by the convicted sex offender can remain for a lifetime.

*In re Birch,* 10 Cal.3d 314, 110 Cal.Rptr. 212, 515 P.2d 12, 17 (1973). The mere fact that an offender carries the effects of a juvenile delinquency adjudication into adulthood, however, does not violate due process. *See Little,* 423 N.W.2d at 724–25 (upholding enhancement of adult criminal history score due to juvenile delinquency adjudications). Furthermore, law enforcement must keep registration data confidential. Minn.Stat. § 243.166, subd. 7. Although the impact of registration may linger for several years, this unfortunate effect, in itself, does not render registration punitive.

Appellants also allege that mandatory juvenile registration is inconsistent with the rehabilitative purpose of the juvenile court system. Addressing a similar issue to this case, this court has held that the use of juvenile adjudications to enhance adult criminal history scores without a jury trial does not violate due process. *Little,* 423 N.W.2d at 724–25. The *Little* court found that such use of juvenile adjudications is not inconsistent with the purpose of the Minnesota Juvenile Court Act because the statute "explicitly provides that juvenile adjudications may later be used to determine a proper sentence." *Id.* at 723. Similarly, the registration statute expressly includes juveniles because it provides that persons "adjudicated delinquent" for "criminal sexual conduct" must register as predatory sex offenders. Minn.Stat. § 243.166, subd. 1(a)(1)(iii). When the language of a statute is unambiguous, "the letter of the law shall not be disregarded under the pretext of pursuing the spirit." Minn. Stat. § 645.16 (1996). To repeat, registration does not substantially interfere with the rehabilitation of adjudicated juveniles because it is nonpunitive and, therefore, the registration statute is not inconsistent with the rehabilitative purpose of the juvenile court system.

Appellants premise their assertion of fundamental unfairness on the absence of the right to a trial by jury in juvenile court. The right to a jury trial represents the most significant procedural safeguard that is unavailable in traditional juvenile proceedings. *See, e.g., In re Welfare of D.S.F.,* 416 N.W.2d 772, 777 (Minn.App.1987) (Crippen, J., dissenting) (noting "the demonstrated need for jury trials in accusatory proceedings where juveniles may be incarcerated"), *review denied* (Minn. Feb. 17, 1988); Barry C. Feld, *Violent Youth and Public Policy: A Case Study of Juvenile Justice Law Reform,* 79 Minn. L.Rev. 965, 1108 (1995) ("Even if the right to a jury is little more than a chip in the plea-bargaining game, it is not self-evident why young offenders should be dealt fewer cards than somewhat older players."). In 1994, the Minnesota Legislature recognized the importance of this right when it created extended jurisdiction juvenile (EJJ) prosecutions, which balanced the possibility of adult sanctions with the right to a jury trial. *See* Minn.Stat. § 260.126 (1996). Appellants propose several remedies to bring the juvenile sex offender registration within constitutional bounds. These include making a jury trial a condition precedent to juvenile registration, limiting registration to juveniles adjudicated in an EJJ proceeding, permitting the juvenile court to waive registration upon a finding that it is in the best interests of the child, or terminating the registration requirement when the juvenile court's jurisdiction ends.

■ Appellants' proposed remedies, however, pose a more appropriate issue for the legislature than the judiciary. Federal due process does not require juvenile courts to provide a trial by jury. *McKeiver v. Pennsylvania,* 403 U.S. 528, 545, 91 S.Ct. 1976, 1986, 29 L.Ed.2d 647 (1971) (plurality opinion); *Id.* at 551, 91 S.Ct. at 1989 (White, J., concurring). Minnesota courts have not recognized a right to a jury trial in juvenile proceedings under the state constitution. *In re Welfare of K.A.A.,* 397 N.W.2d 4, 6 (Minn. App.1986) ("Although there are many strong reasons for allowing jury trials in juvenile court proceedings, in the absence of a constitutional right such provision must be left to

the state legislatures."), *rev'd on other grounds,* 410 N.W.2d 836 (Minn.1987).[3] Although we acknowledge the importance of the right to a jury trial, the deficiencies of the juvenile system, as a matter of constitutional law, are not fundamentally unfair. Nevertheless, we respectfully invite the legislature to review the prudence of requiring all juveniles adjudicated for criminal sexual conduct to register as predatory sexual offenders.

## DECISION

Appellants have failed to prove beyond a reasonable doubt that the application of the sex offender registration statute to juveniles adjudicated delinquent for criminal sexual conduct absent a right to a jury trial violates due process under either the United States or Minnesota Constitutions.

**Affirmed.**

3. Although the supreme court reversed the court of appeals' decision regarding a juvenile's attempt to stand trial in an adult court, it declined to recognize a juvenile's right to a jury trial, stating that the installation of jury trials in juvenile proceedings "is the state's privilege and not its obligation." *In re Welfare of K.A.A.,* 410 N.W.2d 836, 841 n. 9 (Minn.1987).