**In the Matter of the WELFARE OF J.J.R.**

No. C7–01–1998.

Court of Appeals of Minnesota.

Aug. 6, 2002.

John M. Stuart, State Public Defender, Charlann E. Winking, Assistant State Public Defender, Minneapolis, MN, for appellant.

Mike Hatch, Attorney General, St. Paul, MN; and Lamar Piper, Watonwan County Attorney, Todd L. Kosovich, Assistant Watonwan County Attorney, Saint James, MN, for respondent.

Considered and decided by HARTEN, Presiding Judge, SHUMAKER, Judge, and PARKER, Judge.*

## OPINION

GORDON W. SHUMAKER, Judge.

Appellant J.J.R. appeals from the district court's denial of his motion to withdraw his plea of guilty,[1] arguing that his motion was timely and that there was no factual basis for the plea. Because the motion was proper and because there was an insufficient factual basis for the plea, we reverse and remand.

## FACTS

The state filed a delinquency petition against 14 year old appellant J.J.R., charging him with second-degree criminal sexual conduct for having sexual contact with a minor female and with third-degree criminal sexual conduct for engaging in oral sexual penetration with a minor male.

Under a plea agreement, J.J.R. admitted to one amended charge of fifth-degree criminal sexual conduct. The district

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. IV, § 10.

1. Minn. R. Juv. P. 8 uses the term "plea of guilty." Caselaw has sometimes referred to a plea of guilty as an "admission." *See, e.g., In re Welfare of C.D.N.,* 559 N.W.2d 431 (Minn. App.1997), *review denied* (Minn. May 20, 1997); *In re Welfare of D.S.S.,* 506 N.W.2d 650 (Minn.App.1993). The terms are used interchangeably in this opinion.

court received J.J.R.'s counseled "PETITION TO ENTER AN ADMISSION PURSUANT TO JUVENILE RULE OF PROCEDURE 8.04."

In his petition, J.J.R. acknowledged that he received, read, and understood the delinquency petition and knew specifically what offenses he was charged with. His admission in the plea petition was as follows:

I am admitting that I committed the following offenses based on the following factual basis: Did on or about July 12, 1999, in the City of St. James, County of Watonwan, State of Minnesota, have nonconsensual contact with R.J.B. and L.L.C.

The oral record of the plea hearing reveals a brief colloquy:

[DEFENSE ATTORNEY]: [H]ave we discussed this plea agreement?

[J.J.R.]: Uh-huh.

[DEFENSE ATTORNEY]: Have we gone over the petition?

[J.J.R.]: Yes.

[DEFENSE ATTORNEY]: Have we discussed it with your mother?

[J.J.R.]: Yes.

[DEFENSE ATTORNEY]: Are you in agreement with it and is that your signature on it?

[J.J.R.]: Uh-huh, yes.

\* \* \*

[DEFENSE ATTORNEY]: What else do we require, your Honor?

THE COURT: Nothing further. I'm going to defer to [the prosecutor].

[PROSECUTOR]: The State is satisfied, your Honor.

The predisposition report prepared after J.J.R. pleaded guilty quotes J.J.R. asserting his innocence:

Not guilty only accepted pled [sic] bargain on advice of attorney as he didn't feel he could win this type of case. He (Rolando Campos) believes me! Took

the lesser of 2 evils. To [sic] scared to trust a none [sic] caring system. Lots of people in prison and jails who are innocent and not freed till years later. Only those with money win. Public defenders don't get money to investigate and really defend the poor people. Committed no offense. Blackstad's and Con's real offenders and system fails me. Who is going to right the wrong done to me!

After a disposition hearing on January 25, 2000, the district court adjudged J.J.R. delinquent and placed him on probation, subject to various conditions.

On July 25, 2001, J.J.R. moved to withdraw his admission on the grounds that there was no factual basis for it and that the statement of J.J.R.'s rights was inadequate.

The court denied the motion, finding that J.J.R., his attorney, and J.J.R.'s mother "engaged in detailed discussions" about the charges and that J.J.R. admitted the charge of fifth-degree criminal sexual conduct. The court ruled that the motion was untimely and the state would be prejudiced if J.J.R. were permitted to withdraw his plea because:

[t]his crime and the evidence are now two years old. The victims would now be forced to relive the abuse that occurred by testifying at trial after they were spared this trauma by plea agreement.

J.J.R. appeals from the district court's denial of his motion for leave to withdraw his plea.

## ISSUES

1. Did the district court err by ruling that appellant's motion to withdraw his plea of guilty was untimely when the applicable rule allows such a motion at any time?

2. Was appellant's plea lacking in factual basis when the record fails to show appellant's admission of facts that would support the establishment of each essential element of the crime that he admitted?

## ANALYSIS

*Timeliness*

■ A motion to withdraw a plea of guilty must be timely under the rules of criminal procedure. Minn. R.Crim. P. 15.05, subd. 1. But in a juvenile proceeding,

> [t]he court may allow the child to withdraw a guilty plea * * * *at any time,* upon showing that withdrawal is necessary to correct a manifest injustice.

Minn. R. Juv. P. 8.04, subd. 2(B) (emphasis added).

■ Because the plain language of the controlling rule places no restrictions on the timing of a motion to withdraw a plea of guilty, the district court erred in denying the motion as being untimely. *See Smigla v. Schnell,* 547 N.W.2d 102, 104 (Minn.App.1996) (when words of a rule are clear and unambiguous, we must give effect to their plain meaning).

*Factual Basis for Plea*

■ When a juvenile offers to admit a crime, the district court "shall not accept" the plea unless "there is a factual basis for the guilty plea." Minn. R. Juv. P. 8.04, subd. 1(A). To be valid, the plea must have been entered intelligently, voluntarily, and accurately. *State v. Ecker,* 524 N.W.2d 712, 716 (Minn.1994). To be accurate, the plea must be supported by a proper factual basis. *Id.* Although the district court need not personally conduct an interrogation to establish a factual basis for a plea, it is the court's responsibility to ensure that an adequate factual basis is shown in the record. *Id.*

■ J.J.R. admitted criminal sexual conduct in the fifth degree. That crime is committed if a "person engages in nonconsensual sexual contact." Minn.Stat. § 609.3451, subd. 1(1) (1998). For purposes of this crime, "sexual contact" involves various types of intimate touching when done with sexual or aggressive intent. Minn.Stat. § 609.341, subd. 11(a) (1998).

There are four essential elements of criminal sexual conduct in the fifth degree:

1. intentional touching of an intimate area (as specified by Minn.Stat. § 609.341, subd. 11(a));

2. lack of consent of the victim;

3. the touching was done with sexual or aggressive intent; and

4. date and place of the act.

10 *Minnesota Practice,* CRIMJIG 12.52 (1999).

■ The law requires that the person entering an admission verify sufficient facts on the record to support the conclusion that his conduct falls within the charge to which he is offering to plead guilty. *State v. Vieburg,* 404 N.W.2d 312, 314 (Minn.App.1987). *See also State v. Vernlund,* 589 N.W.2d 307, 310 (Minn.App. 1999) (factual basis for plea must be disclosed on the record).

To be an accurate plea, that is, one supported by facts that demonstrate the existence of the essential elements of the crime, J.J.R. would have had to admit one or more types of touching that fit the definition of sexual contact. He admitted only "nonconsensual contact." That admission does not fit any category of the requisite statutory definitions. He also would have to admit that the contact was to an intimate area and made with sexual or aggressive intent. He said nothing about the intention behind his contact, nor did he even admit that it was intentional.

There are various ways in which a juvenile might "admit" sufficient facts to support a legitimate plea. Among those ways would be a nonleading, question-and-answer interrogation about particular essential facts; the juvenile's own narrative that includes essential facts; a reference to factual allegations in a charging document or in police reports or other records, coupled with the juvenile's express and specific acknowledgement of the truth and accuracy of facts constituting the essential elements of the crime; or a written delineation of essential facts that the juvenile acknowledges or adopts as being correct.

Here, particular facts are provided in the delinquency petition. But those are allegations. J.J.R. did not admit the facts alleged in the petition but rather he admitted only the inadequate conclusion of "nonconsensual contact."

The omission of a factual basis for a plea destroys the accuracy of the admission. Moreover, in this case, before the disposition, J.J.R. in effect retracted his admission and reasserted his innocence, alleging that he pleaded guilty only because his attorney said he could not win his case.[2] We do not assume merit in this allegation, but a proper and specific factual basis disclosed on the record likely would have cured any doubt about the allegation.

The district court erred by denying J.J.R.'s motion to withdraw his plea. The admission was invalid because it was inaccurate, and the motion to withdraw was proper. J.J.R. is entitled to withdraw his plea and the state is entitled to reinstate the original delinquency petition.

Because of our holding, we need not address the remaining issues J.J.R. raised on appeal.

**Reversed and remanded.**

---

**2.** Even if J.J.R. was attempting to enter an *Alford* plea, the basis for such a plea is lacking *See State v. Goulette*, 258 N.W.2d 758, 761 (Minn.1977) (holding that plea of guilty may be accepted, even if accused protests that he is innocent, if court concludes that the evidence would support a jury verdict of guilty and the plea is voluntarily, knowingly, and understandingly entered).